## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

████████████████ ,                        :
                                          :
                  Plaintiff,              :
                                          :
     vs.                                  :     Civil Action No. 1:18-cv-1370
                                          :
Josh Shapiro, in his Official Capacity    :     The Honorable John E. Jones, III
As Attorney General of Pennsylvania,      :
                                          :
Matthew Fogal, in his Official            :     **REDACTED VERSION**
Capacity as District Attorney of          :
Franklin County, Pennsylvania,            :
                                          :
Brian Sinnett, in his Official            :
Capacity as District Attorney of          :
Adams County, Pennsylvania,               :
                                          :
David W. Sunday, Jr., in his Official     :
Capacity as District Attorney of          :
York County, Pennsylvania,                :
                                          :
        and                               :
                                          :
Heather Adams, in her Official            :
Capacity as District Attorney of          :
Lancaster County, Pennsylvania,           :
                                          :
                  Defendants.             :

### AMENDED COMPLAINT

*Introduction*

Plaintiff ████████████████ by undersigned counsel, Mette, Evans &

Woodside, seeks a declaration of unconstitutionality and permanent injunction

against enforcement of Section 17.2 of Pennsylvania's Educator Discipline Act ("Act"),[1] a statute that criminalizes disclosure of information lawfully obtained by a public school educatory subject to administrative investigatory and disciplinary proceedings by the Pennsylvania Department of Education.

The Act's prohibition on disclosure—a secrecy mandate imposed both on any educator subject to administrative investigation or disciplinary proceedings under the Act as well as any "individual" contacted by the Pennsylvania Department of Education in the course of investigation or prosecution—violates the First Amendment's free speech guarantee, both facially and as applied.

## I.    Parties

1.    Plaintiff █████████████ ("████████") is an adult individual residing in Franklin County, Pennsylvania.

2.    Defendant Josh Shapiro ("AG Shapiro") is the Attorney General of Commonwealth of Pennsylvania who maintains an official business address at 16th Floor, Strawberry Square, Harrisburg, Pennsylvania 17120.  Defendant Shapiro is the chief law enforcement officer of Pennsylvania.  He is statutorily charged with defending the constitutionality of Pennsylvania statutes and is vested with jurisdiction to bring criminal prosecutions against ████████ for violations of

---

[1]    Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120).

Section 17.2 of the Act as provided under Pennsylvania's Commonwealth Attorneys Act.[2]

3.      Defendant Matthew Fogal ("Fogal"), is the District Attorney of Franklin County, Pennsylvania, who maintains an official business address at 157 Lincoln Way East, Chambersburg, Franklin County, Pennsylvania 17201.  Fogal is the chief law enforcement officer of Franklin County and is vested with jurisdiction to bring criminal prosecutions against ███████ for violations of Section 17.2 of the Act occurring in Franklin County.

4.      Defendant Brian Sinnett ("Sinnett"), is the District Attorney of Adams County, Pennsylvania, who maintains an official business address at 117 Baltimore Street, Room 301, Gettysburg, Adams County, Pennsylvania 17325.  Sinnett is the chief law enforcement officer of Adams County and is vested with jurisdiction to bring criminal prosecutions against ██████ for violations of Section 17.2 of the Act occurring in Adams County.

5.      Defendant David W. Sunday, Jr. ("Sunday"), is the District Attorney of York County, Pennsylvania, who maintains an official business address at 45 North George Street, York, York County, Pennsylvania 17401.  Sunday is the chief law enforcement officer of York County and is vested with jurisdiction to bring

---

[2] *See generally* 71 P.S. § 732-205 (providing for criminal prosecutorial jurisdiction of Pennsylvania Attorney General).

criminal prosecutions against ███████ for violations of Section 17.2 of the Act occurring in York County.

6.     Defendant Heather Adams ("Adams"), is the District Attorney of Lancaster County, Pennsylvania, who maintains an official business address at 50 North Duke Street, Fifth Floor, Lancaster, Lancaster County, Pennsylvania 17602. Adams is the chief law enforcement officer of Lancaster County and is vested with jurisdiction to bring criminal prosecutions against ███████ for violations of Section 17.2 of the Act occurring in Lancaster County.

## II.    Jurisdiction & Venue

7.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction upon the various district courts of the United States for civil actions authorized by law to be commenced by any person to recover damages under any Act of Congress. This suit is authorized pursuant to 42 U.S.C. § 1983. An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Middle District of Pennsylvania is the district in which a substantial part of the events giving rise to the claim occurred.

9.     This is an action for equitable and declaratory relief and is therefore not subject to arbitration.

## III.   Facts

10.   The averments of the foregoing paragraphs are incorporated herein by reference as if set forth at length.

11.   Plaintiff ████████ is a ████████████████████ ████████████████████████████████████████████ ████████████

12.   On ████████████████, ████████ was issued an Instructional I Pennsylvania certificate in the area of Elementary K-6 by the Pennsylvania Department of Education ("Department").

13.   On or about ████████████, the Commonwealth of Pennsylvania charged ████████ with violating 18 Pa. C.S. § 5511(a)(1)(i) ("████████ ████████"), a statute which stated in relevant part the following,

> A person commits a misdemeanor of the second degree if he willfully and maliciously . . . [k]ills, maims or disfigures any domestic animal of another person or any domestic fowl of another person.

18 Pa. C.S. § 5511(a)(1)(i).[3]

14.   The charge ostensibly arose out of action ████████████ ████████████████████████████████████████████ ████████████████████████.

15.   ████████ pled not guilty to the charge.

_____

[3]   Act of June 28, 2017, P.L. 215, No. 10 (Repealed).

16.   On or about May 14, 2018, Sarah Castillo DiRito, Assistant Counsel in the Pennsylvania Governor's Office of Chief County, transmitted a letter to ████████ stating *inter alia* that the Office of Chief Counsel had received "an educator misconduct complaint alleging that [████████ had] engaged in professional misconduct" ("Target Letter").  A true and correct copy of the Target Letter is attached hereto as Exhibit A and incorporated herein by reference.

17.   The Target Letter stated that the Pennsylvania Department of Education would "conduct a full investigation" and determine whether to prosecute charges of professional misconduct against ████████ arising out of the incident forming the basis of the criminal charge filed in the Franklin County Court of Common Pleas.  *Id.*

18.   Emblazoned in two places on the Target Letter was the following warning,

**<u>Release or publication of this document is a crime and may result in a conviction of a third degree misdemeanor. 24 P.S. § 2070.17b.</u>**

*Id.* at 1, 2 (emphasis and underscoring in original).

19.   The Target Letter further stated,

[P]lease be advised that any information that you learn as the result of the Department's investigation in this matter is <u>strictly confidential</u>. **Even the fact that an educator misconduct complaint has been filed or that the Department is conducting an investigation is confidential.**  The Educator Discipline Act provides that any unauthorized release of confidential information is a misdemeanor of the third degree.  <u>See</u> 24 P.S. 2070.17b.  You may however, share this

letter with your attorney. The Educator Discipline Act, which sets
forth in detail the disciplinary procedures and confidentiality
requirements, can be accessed on the Department's website at:

www.pspc.education.pa.gov/educatordisciplineact. A copy of the Act
will be provided upon request.

*Id.* at 2 (underscoring in original, emphasis added).

20.     The Educator Discipline Act ("Act") referred to in the Target Letter

restricts communication—whether oral or written—about a pending disciplinary

investigation or proceeding as follows,

Any person who releases or gives out information deemed
confidential under this act, without authorization of the commission or
as authorized by this act, commits a misdemeanor of the third degree.

24 P.S. § 2070.17b(b).[4],[5]

---

[4] Confidential information under the Act is defined as "all information
relating to any complaints or any proceedings relating to or resulting from such
complaints, including the identity of the complainant[.]" 24 P.S. § 2070.17b(a).

[5] The Act's prohibition applies "unless or until discipline is imposed, other
than a private reprimand or a supplemental sanction deemed private by the
commission, any provision of law to the contrary notwithstanding unless otherwise
specified" in the Act. 24 P.S. § 2070.17b(a). Additionally, "All records pertaining
to proceedings resulting in public discipline, excluding those records that are
privileged or otherwise protected from release" become public "after the
exhaustion of all appeals except where the commission has determined that
immediate discipline is necessary[,]" except that "[r]ecords pertaining to
immediate discipline proceedings are public at the time that the immediate
discipline is imposed." *Id.* Finally, as stated in the Act, the prohibition does not
prevent any person "from disclosing information previously made public as a result
of action by a school entity to discipline or dismiss an employe [sic] for cause or as
a result of an employe's [sic] having been formally indicted for or convicted of a
crime or from disclosing information that was known or available independently of
the disciplinary proceeding." 24 P.S. § 2070.17b(c).

21.    This statutory prohibition of disclosure of "all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant" ("Teacher Gag Rule") constitutes a subsequent penal restraint in violation of ███████ right to free speech under the First Amendment.

22.    The Act also prohibits witnesses—in fact, any "individual"—who is contacted by the Department of Education in the course of "investigation and prosecution" from communicating "information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant" ("Citizen Gag Rule").

23.    As stated by the Act,

An individual contacted in the course of the department's investigation and prosecution shall be subject to the confidentiality provisions of this section.

24 P.S. § 2070.17b(g).

24.    The Citizen Gag Rule bars individual contacted by the Department even from communicating with ███████ himself about "information relating to any complaints or any proceedings relating to or resulting from such complaints[.]" 24 P.S. § 2070.17b(a).

25.    The Citizen Gag Rule violates ███████ First Amendment right to free speech by barring ███████ from communicating with individuals he knows

8

may be willing to speak with him about the subject of the investigation into his

conduct, but who are reasonably in fear of doing so because of the Citizen Gag

Rule.  See 24 P.S. § 2070.17b(a).

26.    Further, the Teacher Gag Rule and Citizen Gag Rule bar ██████

and any sympathetic parties contacted in the course of the investigation from

publicly protesting ██████ improper treatment at the hands of government

officials in the course of such investigation and seeking assistance from the public

and elected officials in seeking a legislative change to the law which he opposes as

a matter of policy.  24 P.S. § 2070.17b(g).

27.    On August 8, 2018, the Department issued a letter to ██████

indicating that the matter would be closed without the filing of a charge.  A copy of

such letter is attached as Exhibit B.

28.    The August 8, 2018 letter threatened ██████ with criminal

prosecution if he should divulge such letter indicating that he had been exonerated

of the allegation of wrongdoing against him.

29.    ██████ desires to speak, both publicly and privately, about the

existence, nature and result of the investigation into him by the Pennsylvania

Department of Education, including geographically within the geographical

confines of Franklin, Adams, York and Lancaster counties in Pennsylvania,

without fear of criminal prosecution.

30.   ████████ fears criminal prosecution under the Act if he should do so

and reasonably expects that no private third-party having information concerning

the investigation would communicate with him because of the Act's restrictions on

communication.

## FIRST CAUSE OF ACTION
## ACT FACIALLY UNCONSTITUTIONAL IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (DECLARATORY AND INJUNCTIVE RELIEF - 42 U.S.C. § 1983)

31.   The averments of the foregoing paragraphs are incorporated herein by

reference as if set forth at length.

32.   The Act on its face unconstitutionally prohibits ████████ from

exercising his First Amendment right to speak freely about the existence of the

investigation against him by the Pennsylvania Department of Education and to

receive information from willing speakers with any such information.

33.   As a direct and proximate result of the Teacher Gag Rule and Citizen

Gag Rule, ████████ speech rights have been chilled.

34.   In the absence of the Teacher Gag Rule and the Citizen Gag Rule

████████would communicate with personal acquaintances and the public about

the investigation and proceedings brought against him by the Pennsylvania

Department of Education.

35. ███████ fears to engage in such speech, however, because he has been threa tened with prosecution if he should even so much as disclose the existence of the investigation into his conduct.

36. Similarly, ███████ right to receive information from willing, private third parties with knowledge of the investigation and proceedings against him has been unconstitutionally chilled by the criminalization of such communication under the Act.

WHEREFORE, Plaintiff prays this Court to DECLARE the Teacher Gag Rule and Citizen Gag Rule of Section 17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, FACIALLY UNCONSTITUTIONAL in violation of plaintiff's First Amendment right to free speech, PERMANENTLY ENJOIN enforcement of the same, award attorneys fees and costs, and grant whatsoever other relief as is just and equitable.

### SECOND CAUSE OF ACTION
### ACT UNCONSTITUTIONAL AS APPLIED IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (DECLARATORY AND INJUNCTIVE RELIEF - 42 U.S.C. § 1983)

37. The averments of the foregoing paragraphs are incorporated herein by reference as if set forth at length.

38. The Teacher Gag Rule and Citizen Gag Rule as applied prohibit ███████ exercising his First Amendment right to speak freely about the

11

existence and nature of the investigation against him by the Pennsylvania

Department of Education and to receive information from willing speakers with

any such information.

39.    As a direct and proximate result of the Teacher Gag Rule and Citizen

Gag Rule, ███████ speech rights have been chilled.

40.    In the absence of the Teacher Gag Rule and the Citizen Gag Rule

███████ would communicate with personal acquaintances and the public about

the investigation and proceedings brought against him by the Pennsylvania

Department of Education.

41.    ███████ fears to engage in such speech, however, because he has

been threatened with prosecution if he should even so much as disclose the

existence of the pending investigation against him.

42.    Similarly, ███████ right to receive information from willing, private

third parties with knowledge of the investigation and proceedings against him has

likewise been unconstitutionally chilled by the criminalization of speech under the

Act.

WHEREFORE, Plaintiff prays this Court to DECLARE the Teacher Gag Rule and Citizen Gag Rule of Section 17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, UNCONSTITUTIONAL AS APPLIED in violation of plaintiff's First Amendment right to free speech, PERMANENTLY ENJOIN enforcement of the same, award attorneys fees and costs, and grant whatsoever other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

/s/ Aaron D. Martin

By: _____

Aaron D. Martin
Pa. Atty. I.D. No. 76441
Veronica L. Boyer
Pa. Atty. I.D. No. 310095
Jacob H. Kiessling
Pa. Atty. I.D. No. 322435
3401 North Front Street
Post Office Box 5950
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com
vlboyer@mette.com
jhkiessling@mette.com
*Attorneys for Plaintiff*

Date: January 7, 2020.

████████████████ . *v. Josh Shapiro* et al.

U.S.D.C. 1:18-cv-1370 (UNDER SEAL)

# EXHIBIT A



**COMMONWEALTH OF PENNSYLVANIA**
GOVERNOR'S OFFICE OF GENERAL COUNSEL

May 14, 2018

**CONFIDENTIAL**



Re:    Educator Misconduct Complaint

Dear ███████████:

I write to notify you that the Pennsylvania Department of Education's Office of Chief Counsel received an educator misconduct complaint alleging that you engaged in professional misconduct. More specifically, the complaint alleged that you ████████████████████████████ ████████████. As a result you were criminally charged with Cruelty to Animals: Kill/Maim Domestic Animal in Franklin County, PA on ████████████.

In accordance with the law, we treated the allegations as if they were true and on that basis determined that they are legally sufficient to warrant discipline; furthermore, based upon the information included with the complaint, this office has determined that there is probable cause that grounds for discipline exist.

Since there is probable cause to proceed, the Department will conduct a full investigation of this matter in accordance with the Educator Discipline Act. See 24 P.S. § 2070.9(e)(4). At the conclusion of our investigation, we may dismiss the charges, determine that appropriate and sufficient punishment has been imposed, or initiate hearing procedures. If we determine that the complaint should be dismissed or that sufficient punishment has been imposed, we will inform you of our determination. If we decide to initiate hearing procedures, we will provide you with a copy of the notice of charges.

We invite you to submit any documentation that you would like the Department to consider in the investigation of this matter. In addition, you may submit names and contact information for witnesses having knowledge of the facts related to this complaint. Please note, however, that the Department is not required to contact the witnesses that you identify.

Please be aware that the allegations set forth in the complaint, if determined to be true after a hearing, could result in discipline. Discipline, as defined by the Educator Discipline Act, includes the following actions: a private or public reprimand; the suspension, revocation or surrender of a certificate or eligibility to be employed as a charter or cyber charter school staff member or contracted educational provider or contracted educational provider staff member; or supplemental sanctions. See 24 P.S. § 2070.1b. Please be advised that you are entitled to be represented by legal counsel, at

**Release or publication of this document is a crime and may result in a conviction of a third degree misdemeanor. 24 P.S. § 2070.17b.**

your expense, throughout this process.  You may be entitled to legal representation at no cost through your local teacher's union.

You may avoid the filing of formal disciplinary charges by electing to surrender your Pennsylvania teaching certification.  To surrender your certificate, sign and return the enclosed affidavit and forward your original certificate and all copies to my attention at the following address:

> Pennsylvania Department of Education
> Office of Chief Counsel
> Attn:  Sarah Castillo DiRito, Assistant Chief Counsel
> 333 Market Street, 9th Floor
> Harrisburg, PA 17126

Please be aware that such "surrender" constitutes professional discipline as defined by the Educator Discipline Act.  See 24 P.S. § 2070.1b.  Please also be aware that the enclosed affidavit, once executed, is legally binding.  Thus, I urge you to seek the advice of an attorney.

Finally, please be advised that any information that you learn as the result of the Department's investigation in this matter is strictly confidential.  Even the fact that an educator misconduct complaint has been filed or that the Department is conducting an investigation is confidential.  The Educator Discipline Act provides that any unauthorized release of confidential information is a misdemeanor of the third degree.  See 24 P.S. § 2070.17b.  You may however, share this letter with your attorney.  The Educator Discipline Act, which sets forth in detail the disciplinary procedures and confidentiality requirements, can be accessed on the Department's website at: www.pspc.education.pa.gov/educatordisciplineact.  A copy of the Act will be provided upon request.

Sincerely,

Sarah Castillo DiRito

Sarah Castillo DiRito
Assistant Chief Counsel

Enclosure

**Release or publication of this document is a crime and may result in a conviction of a third degree misdemeanor.  24 P.S. § 2070.17b.**

## AFFIDAVIT

I, ███████████ , ████████████████████████ , hereby affirm and swear as follows:

1. I was issued an Instructional I Pennsylvania certificate in the area of Elementary K-6 on ████████████ by the Pennsylvania Department of Education ("Department").

2. I hereby surrender the above-mentioned certificate as that term is defined by the Educator Discipline Act (24 P.S. § 2070.1a et seq.). I also hereby surrender my eligibility to be employed as a charter or cyber charter school staff member or contracted educational provider or contracted educational provider staff member as defined by the Educator Discipline Act. 24 P.S. § 2070.1b.

3. I have reviewed the Educator Discipline Act and am aware that such surrender constitutes discipline as defined by the Act. 24 P.S. § 2070.1b.

4. I have relinquished the original and all copies of the certificate identified in Paragraph 1 that are in my possession or control.

5. I agree to relinquish all rights to any Pennsylvania certificate that may have been issued to me and all rights to be employed and/or seek employment as a charter or cyber charter school staff member or contracted educational provider staff member.

6. I will destroy any Pennsylvania certificate (original or copy) in the event that I come into possession or control thereof at any time in the future.

7. I will not use or attempt to use any original or copy of any Pennsylvania certificate for any purpose nor will I hold myself out to the public as a certificated educator. I will also not attempt to gain employment as a charter or cyber charter school staff member or contracted educational provider or contracted educational provider staff member nor will I hold myself out to the public as eligible to be employed in such capacities.

8. I understand that any falsification intended to mislead a public servant is a misdemeanor of the second degree under 18 Pa. C.S. § 4903.

9. I further understand that this Affidavit is legally binding and I have been advised to seek the advice of an attorney.

Under penalty of law for any intentional falsification, I hereby affirm and swear that the statements made in Paragraphs 1-9 are accurate and true.

Dated: _____        _____

█████████████████ *v. Josh Shapiro* et al.

U.S.D.C. 1:18-cv-1370 (UNDER SEAL)

# EXHIBIT B



**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE OF GENERAL COUNSEL**

August 8, 2018

**CONFIDENTIAL**

Aaron D. Martin, Esquire
Mette Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950

Re:      ████████████
        Educator Misconduct Complaint

Dear Mr. Martin:

By letter dated May 14, 2018, the Office of Chief Counsel of the Pennsylvania Department of Education informed your client, ████████████ that we reviewed a formal complaint alleging that your client was criminally charged with Cruelty to Animals: Kill/Maim Domestic Animal in Franklin County, PA on ████████████ for allegations he ████ ████████████. At that time, I also informed your client that these allegations, if true, were a basis for disciplinary action and that the Department would conduct an investigation. Please be advised that the Department has completed its investigation, and finds that there are insufficient grounds to pursue disciplinary action. Therefore, we are dismissing the complaint and our file is now closed.

Sincerely,

*Sarah C. DiRito*

Sarah Castillo DiRito
Assistant Chief Counsel

**Release or publication of this document is a crime and may result in a conviction of a third degree misdemeanor. 24 P.S. § 2070.17b.**