IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮ | : | *Amended Complaint Filed 1/7/20* |
| Plaintiff | : | |
| | : | No. 1:18-CV-1370-JEJ |
| v. | : | |
| | : | Hon. John E. Jones, III |
| JOSH SHAPIRO, *et al.*, | : | |
| Defendants | : | **FILED UNDER SEAL** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOSH SHAPIRO TO AMENDED COMPLAINT

1. **ADMITTED.**

2. **ADMITTED** in part and **DENIED** in part. The identity of Defendant, Josh Shapiro, Attorney General of the Commonwealth of Pennsylvania, is **ADMITTED.** The remainder of the allegation is a conclusion of law to which no response is required.

3. **NOT APPLICABLE TO ANSWERING DEFENDANT.**

4. **NOT APPLICABLE TO ANSWERING DEFENDANT.**

5. **NOT APPLICABLE TO ANSWERING DEFENDANT.**

6. **NOT APPLICABLE TO ANSWERING DEFENDANT.**

7. **DENIED** as a conclusion of law to which no response is required.

8. **DENIED** as a conclusion of law to which no response is required.

9. **DENIED** as a conclusion of law to which no response is required.

10. The admissions and denials of paragraphs one through nine are incorporated by reference.

11. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the Plaintiff has been employed as a teacher in the Commonwealth of Pennsylvania. The remainder of the allegation is **DENIED**. After reasonable investigation, the Defendants are without knowledge as to the truth of the allegations in this paragraph, and they are therefore deemed **DENIED**.

12. **ADMITTED.**

13. **ADMITTED.**

14. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the charge arose out of actions that the Plaintiff took when he ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ but it is **DENIED** that the charges were "ostensible." By way of further answer, the charges speak for themselves.

15. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that Plaintiff previously pled not guilty, but it is **DENIED** that this is his current plea. Plaintiff has entered the Accelerated Rehabilitative Disposition program in Franklin County, Commonwealth of Pennsylvania.

16. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that a letter was sent to the Plaintiff by Assistant Counsel in the Office of Chief Counsel stating that a complaint had been received alleging the Plaintiff had engaged in

professional misconduct. It is **DENIED** that this letter is called a "Target Letter." The letter speaks for itself.

17. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the letter described in paragraph fourteen of the Amended Complaint is paraphrased in this allegation. It is **DENIED** that this letter is called a "Target Letter." The letter speaks for itself.

18. **ADMITTED** in part and **DENIED** in part. It is **DENIED** that the quoted text was "emblazoned" on the letter described in paragraph fourteen of the Amended Complaint, and it is **DENIED** this letter is called a "Target Letter." It is **ADMITTED** that by the content of the letter, the Plaintiff was given notice of the terms of 24 P.S. §2070.17b. The letter speaks for itself.

19. **ADMITTED** in part and **DENIED** in part. It is **DENIED** that this letter is called a "Target Letter." It is **ADMITTED** that by the terms of the letter, the Plaintiff was given notice of the terms of 24 P.S. §2070.17b. The letter speaks for itself.

20. **DENIED** as a conclusion of law to which no response is required. By way of further answer, the letter is not called a "Target Letter" and the Educator Discipline Act speaks for itself.

21. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is **DENIED** that the Act contains a "Teacher Gag Rule,"

3

and it is further **DENIED** that it constitutes a 'subsequent penal restraint" or that it is a violation of the 1st Amendment to the U.S. Constitution.

22. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is **DENIED** that the Act contains a "Citizen Gag Rule."

23. **ADMITTED** that this paragraph paraphrases the Act. By way of further answer, the Act speaks for itself.

24. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is **DENIED** that the Act contains a "Citizen Gag Rule," and the Plaintiff's due process rights are preserved by the Act.

25. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is **DENIED** that the Act contains a "Citizen Gag Rule," and the Plaintiff's due process rights are preserved by the Act.

26. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is **DENIED** that the Act contains a "Citizen Gag Rule," and the Plaintiff's due process rights are preserved by the Act.

27. **ADMITTED.**

28. **DENIED** as a conclusion of law to which no response is required. By way of further answer, the letter did not exonerate the Plaintiff of the allegations of wrongdoing against him.

29. **DENIED** as a conclusion of law to which no response is required.

30. **DENIED** as a conclusion of law to which no response is required.

31. The admissions and denials of paragraphs one through thirty are incorporated by reference.

32. **DENIED** as a conclusion of law to which no response is required.

33. **DENIED** as a conclusion of law to which no response is required. By way of further answer, Plaintiff has failed to allege facts in support of any such incidents.

34. **DENIED** as a conclusion of law to which no response is required. By way of further answer it is **DENIED** that the Act contains a "Citizens Gag Rule," or a "Teacher Gag Rule."

35. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is specifically denied that the Plaintiff was "threatened."

36. **DENIED** as a conclusion of law to which no response is required. By way of further answer, Plaintiff has failed to allege facts in support of any such incidents.

37. The admissions and denials of paragraphs one through thirty-six are incorporated by reference.

38. **DENIED** as a conclusion of law to which no response is required. By way of further answer it is **DENIED** that the Act contains a "Teacher Gag Rule" or a

"Citizens Gag Rule." By way of further answer, Plaintiff has failed to allege facts in support of any such incidents.

39. **DENIED** as a conclusion of law to which no response is required. By way of further answer, Plaintiff has failed to allege facts in support of any such incidents.

40. **DENIED** as a conclusion of law to which no response is required. By way of further answer it is **DENIED** that the Act contains a "Citizens Gag Rule," or a "Teacher Gag Rule."

41. **DENIED** as a conclusion of law to which no response is required. By way of further answer, it is specifically denied that the Plaintiff was "threatened."

42. **DENIED** as a conclusion of law to which no response is required. By way of further answer, Plaintiff has failed to allege facts in support of any such incidents.

## AFFIRMATIVE DEFENSES

In addition to the responses set forth above, Defendants asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is moot.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that this Court should abstain from ruling on the constitutionality of the Act in accordance with the Pullman doctrine.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, prior to filing this action, failed to properly exhaust his administrative remedies, and therefore is barred from recovering any of the requested relief in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's alleged actions in this matter were conducted in good faith and pursuant to the law, and in no way violated any rights, protections, privileges or immunities to which the Plaintiff is or may be entitled under the United States Constitution and Federal Law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of justification with respect to any conduct material to Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint must be dismissed because the provisions challenged do not impose a significant burden on Plaintiff, and in fact any burden is

de minimus. The provisions of the Act further legitimate goals of the Department of Education in investigating complaints concerning teacher discipline.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred by the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred by the doctrine of sovereign immunity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred by the doctrine of qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred because this Court lacks subject matter jurisdiction.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred because Plaintiff lacks standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be barred because the claim is not ripe.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint must be dismissed regarding the facial challenge since he cannot demonstrate that there are no set of circumstances that exist under which the provision would be valid.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint must be dismissed because if he were successful, the constitutional rights of others, including fellow teachers, will be adversely affected.

**WHEREFORE,** Defendant respectfully requests **JUDGMENT** in his favor.

**Respectfully submitted,**

**JOSH SHAPIRO**
Attorney General

By: *(signature)*

**KELI M. NEARY**
Executive Deputy Attorney General
Attorney ID 205178

**DANIEL J. GALLAGHER**
Deputy Attorney General
Attorney ID 30451

*Counsel for Defendant Shapiro*

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 787-1180**

kneary@attorneygeneral.gov
dgallagher@attorneygeneral.gov
**Date: January 28, 2020**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ███████████████ , | : | *Amended Complaint Filed 1/7/20* |
| Plaintiff | : | |
| | : | No. 1:18-CV-1370-JEJ |
| v. | : | |
| | : | Hon. John E. Jones, III |
| JOSH SHAPIRO, *et al.*, | : | |
| Defendants | : | **FILED UNDER SEAL** |

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 28, 2020, I caused to be served a true and correct copy of the foregoing document titled **Answer and Affirmative Defenses to Amended Complaint** to the following:

### VIA E-MAIL

Aaron D. Martin, Esquire
Veronica L. Boyer, Esquire
Jacob H. Kiessling, Esquire
Mette Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA  17110
*Counsel for Plaintiff*

admartin@mette.com
vlboyer@mette.com
jhkiessling@mette.com

Frank J. Lavery, Jr., Esquire
LAVERY LAW
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA  17108
*Counsel for Defendant Fogal*

flavery@laverylaw.com

Sean E. Summers, Esquire                    ssummers@summersnagy.com
Summers Nagy Law Offices
35 South Duke Street
York, PA  17401
*Counsel for Defendant Sunday*

*[signature]*
**DANIEL J. GALLAGHER**
**Deputy Attorney General**