## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮ | : |
|           Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 1:18-cv-1370 |
| | : |
| Josh Shapiro, in his official capacity as | :   The Honorable John E. Jones, III |
| Attorney General of Pennsylvania | : |
| | :   DEFENDANT'S MOTION TO DISMISS |
| Matthew Fogal, in his official capacity as | :   PURSUANT TO RULE 12(b)(1) OF THE |
| District Attorney of Franklin County, | :   FEDERAL RULES OF CIVIL |
| Pennsylvania | :   PROCEDURE |
| | : |
| Brian Sinnett, in his official capacity as | :   **FILED UNDER SEAL** |
| District Attorney of Adams County, | : |
| Pennsylvania | : |
| | : |
| David W. Sunday, Jr., in his official | : |
| capacity as District Attorney of York | : |
| County, Pennsylvania | : |
| | : |
|     and | : |
| | : |
| Heather Adams, in her official capacity as | : |
| District Attorney of Lancaster County, | : |
| Pennsylvania. | : |
| | : |
|           Defendants. | : |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

### *Introduction*

Defendant Brian R. Sinnett, District Attorney of Adams County ("Defendant"), by and

through undersigned counsel, respectfully submits that this dispute does not belong in this Court.

Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮ ("Plaintiff") seeks declaratory and injunctive relief against

future enforcement of a confidentiality statute under the Educator Discipline Act, 24 P.S. §

2070.1 *et seq.*   Defendant asserts that this Court lacks subject matter jurisdiction for two reasons: (1) Plaintiff's "as applied" First Amendment challenge is not yet ripe for review and administrative remedies have not been exhausted, and (2) even if Plaintiff's claims were ripe, the Court should refrain from adjudicating such claims under the federal doctrines of abstention, as adequate state remedies exist.

*Legal Standard For Establishing Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* Fed.R.Civ.P. 12(b)(1).  A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack).  See generally, *Hartig Drug Company Inc v. Senju Pharmaceutical Co. Ltd,* 836 F.3d 261, 268 (3d. Cir. 2016).  Plaintiff has the burden of establishing jurisdiction, which includes standing.  *See Kokkonen v. Guardian Life Ins. Co.* 511 U.S. 375, 377 (1994).  Plaintiff must meet the "irreducible constitutional minimum of Article III standing", see *id.* at 269, which requires establishment of three elements:  First, he must establish that he has suffered an "injury in fact," meaning a concrete and particularized invasion of a legally protected interest. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  Second, he must establish a "causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.*  Third, he must show a likelihood "that the injury will be redressed by a favorable decision." *Miller v. Nissan Motor Acceptance Corp.* 362 F.3d 209, 221 n. 16 (3d Cir. 2004).

## ARGUMENT

### I. Plaintiff's "as applied" First Amendment challenge ("Second Cause of Action") is not yet ripe for review.

Plaintiff's broad, abstract "as applied" challenge that Section 2070.17b of the Educator Discipline Act will "chill" his future speech is not ripe for review, where he has failed to establish concrete facts and failed to exhaust administrative remedies.  See Amended Complaint, "Second Cause of Action" pg. 11-12 (citing 24 P.S. § 2070.17b).  Federal courts may only resolve actual "cases" and "controversies."  *See* U.S. Const. art. II, § 2.  The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief.  *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454 (3d. Cir. 1994) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83 (1993); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950)).  "Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so.  We presume that federal courts lack jurisdiction 'unless the contrary appears affirmatively from the record.'"  *Id.* at 1462 (quoting *Renne v. Geary,* 501 U.S. 312, 316 (1991)).

The doctrine of ripeness prevents courts from "entangling themselves in abstract disagreements." *Id.* (quoting *Abbot Labs. v. Gardner,* 387 U.S. 136, 148 (1967).  "[R]uling on federal constitutional matters in advance of the necessity of deciding them [is to be avoided]." *Id.* (quoting *Armstrong World Indus., Inc. v. Adams,* 961 F.2d 405, 413 (3d Cir. 1992)).  The courts have "adopted a three-part test in determining whether we will engage in pre-enforcement review in the context of a declaratory action; specifically, we examine 'the adversity of the interest of the parties, the conclusiveness of the judicial judgment and the practical help, or utility, of that judgment." *Id.* at 1463 (citing *Step-Saver Data Sys., Inc. v. Wyse Tech.,* 912 F.2d 643, 647 (3d

Cir. 1990)).  These so-called *Step-Saver* factors, however, are not exclusive.  *Armstrong,* 961

F.2d at 412-24.

Defendant recognizes at the outset that the courts have adopted a "relaxed ripeness

standard" for First Amendment claims, "particularly a facial challenge."  *Peachlum v. City of*

*York,* 333 F.3d 429, 434 (3d Cir. 2003).  Though a relaxed ripeness standard exists for facial

challenges to a statute based on overbreadth, the same cannot not be said of "as applied"

challenges which require narrow, fact-specific determinations.  Indeed, where courts have

relaxed the ripeness doctrine, it appears they have only done so for facial challenges, and *not* for

as-applied challenges.  In *Persico v. Sebelius,* for example, where plaintiffs sought to invalidate

an Affordable Care Act regulation requiring coverage for preventive health services on First

Amendment grounds, the Court found that the relaxed ripeness standard was not suitable in an

"as applied" challenge context:

> While we acknowledge the application of a relaxed ripeness standard in appropriate
> cases, we do not agree with Plaintiffs that such a relaxed standard applies here.  First,
> while the Plaintiffs' RFRA and First Amendment claims do concern fundamental rights,
> *it is not clear that these claims actually present facial, as opposed to "as applied,"*
> *challenges to the ACA ...* Plaintiffs have not framed their claims in a manner that
> suggests they are asserting a facial challenge to the Mandate on overbreadth grounds, as
> opposed to simply asserting a direct infringement of their own personal First Amendment
> rights.

919 F.Supp.2d 622, 635 (W.D.Pa. 2013) (emphasis added); see also, *Geneva College v. Sebelius,*

929 F.Supp.2d 402, 423 (W.D.Pa. 2013) (citing *Persico* and distinguishing facial challenges

from "as applied" challenges for purposes of applying the relaxed standard).  The federal courts

have only supported a relaxed standard in a pre-enforcement context "where the issues in the

case were 'predominantly legal' and did not require factual development."  *Peachlum,* 333 F.3d

at 435.  Therefore, the relaxed ripeness standard is not suited for "as applied" challenges, such as

Plaintiff's Second Cause of Action, which are predominantly factual, rather than legal.

The application of the *Step-Saver* factors to Plaintiff's "as applied" challenge demonstrates its unripe justiciability:

### Factor 1: Adversity of Interest

"For there to be an actual controversy, the defendant must be so situated that the parties have adverse legal interests." *Step-Saver,* 912 F.2d at 648.  The Court of Appeals has said that "[w]here the plaintiff's action is based on a contingency, it is unlikely that the parties' interest will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III."  *Armstrong World Industries, Inc. by Wolfson v. Adams,* 961 F.2d 405, 411-12 (3d Cir. 1992).  To protect against a feared future event, as the Plaintiff seeks to do here, "the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Armstrong,* 961 F.2d at 412 (quoting *Salvation Army v. Department of Community Affairs,* 919 F.2d 183, 192 (3d Cir. 1990)).  However, the Amended Complaint only offers the following information regarding Plaintiff's "adversity of interest":

> 39. As a direct and proximate result of the Teacher Gag Rule and Citizen Gag Rule, ███████ speech rights have been chilled.
> 40.  In the absence of the Teacher Gag Rule and the Citizen Gage Rule ███████ would communicate with personal acquaintances and the public about the investigation and proceedings brought against him by the Pennsylvania Department of Education.
> 41. ███████ fears to engage in such speech, however, because he has been threatened with prosecution if he should even so much as disclose the existence of the pending investigation against him.

Amended Complaint, pg. 12, para. 39-41.  Plaintiff's vague assertions and lack of factual development in his "as applied" challenge is underscored by the fact that is exactly the same as his broader facial attack in the Amended Complaint, *word for word*.  See id., pg. 10-11, para. 33-35.  The paucity of concrete factual development by Plaintiff undermines any real adversity of

interest.  Plaintiff has not yet divulged any potential confidential information or taken steps to divulge confidential information, nor has he provided information about the specific content of the "chilled" speech he wishes to express, the manner in which he wishes to express it, or even to whom he wishes to express it.  The Plaintiff also makes brief reference to "willing, private third parties" from whom he'd like to receive information, but fails to identify them, their relationship to the investigation, or the information they may possess.  Without these facts, it is impossible for the Court to meaningfully balance the competing interests (i.e., free speech, privacy, and state interests) or determine the reality or immediacy of any threatened harm, as required by *Step-Saver*.  See *Armstrong,* at 412.  Therefore, Plaintiff's allegations fail to demonstrate a live, substantial dispute involving the application or threatened application of § 2070.17b to bar Plaintiff's particular (future) speech.

### *Factor 2: Conclusiveness of Judicial Judgment*

The second *Step-Saver* factor, conclusiveness, "requires this Court to determine whether Plaintiff's claims are amenable to resolution 'through a decree of conclusive character,' or if a decision by this Court would amount to no more than an advisory opinion based on a hypothetical set of facts."  *Presbytery of New Jersey,* at 507 (quoting *Aetna Life Ins. Co.,* 300 U.S. 227, 240 (1937)).  Without a well-defined adversity of interest, there can be no conclusiveness of judicial judgment.  If the Court grants an injunction against enforcement of the confidentiality statute on "as applied" grounds, it will be required to guess the circumstances to which the injunction applies, as no enforceable action has yet occurred under the statute.  The myriad of factual circumstances which may arise from Plaintiff's desire to speak implicate a myriad of different constitutional balancing considerations.  In one hypothetical scenario, the

competing interests may solely be the Plaintiff's right to speak vs. the Commonwealth's police powers. In another, it may be the Plaintiff's right to speak vs. constitutional privacy interests. As the Court of Appeals explained, "[a] declaratory judgment granted in the absence of a concrete set of facts would itself be a 'contingency,' and applying it to actual controversies which subsequently arise would be an 'exercise in futility.'" *Armstrong,* at 412 (quoting *Step-Saver,* 912 F.2d at 648). Because the Plaintiff has not asserted a concrete set of facts, actual subsequent controversies will arise if the Court prematurely issues an advisory opinion in this case and is not able to adequately weigh the interests.

The Amended Complaint also expands the hypothetical scenarios to include Plaintiff's "right to receive information" *and* third parties' right to speak. Plaintiff has claimed that his "right to receive information" has been impeded by this statute because the confidentiality statute applies to third parties contacted during the course of the information. See Amended Complaint, pg. 11-12, para. 38. Though Defendant acknowledges that Plaintiff's "right to receive information" flows from his First Amendment guarantees, see *Stanley v. Georgia,* 394 U.S. 557 (1969), Section 2070.17b itself does *not* prohibit Plaintiff from *receiving* confidential information. 24 P.S. § 2070.17b. Rather, it only restricts certain *third parties* from divulging the information. Id. Therefore, Plaintiff's argument effectively asks this Court to adjudicate the First Amendment claims of unnamed third parties, namely, their right to disclose confidential information, and should be joined pursuant to Rule 19 if they can be identified, or this litigation should be dismissed as Plaintiff has no standing to assert these third party claims. See F.R.C.P. 19. Nevertheless, these unknown "willing, private" third party claims undermine any conclusiveness of judgment, as subsequent litigation would inevitably arise concerning the effect of Plaintiff's declaratory judgment on third party rights.

*Factor 3: Utility*

The final *Step-Saver* factor considers "whether the parties' plans of actions are likely to be affected by a declaratory judgment." *Step-Saver,* 912 F.2d at 649 n. 9.   Unlike a facial attack, a judgment based on Plaintiff's "as applied" challenge has little utility for the reasons outlined in the prior factors.   A successful facial challenge has the benefit of declaring Plaintiff's rights and those of all others who seek to engage in similar activity, see *Presbytery of New Jersey,* 40 F.3d at 1470, but an "as applied" challenge does not and will only raise more questions and lead to more needless litigation as subsequent, ripe disputes arise from the unripe hypothetical set of facts Plaintiff has presented the Court.

*Factor 4: Exhaustion of Administrative Remedies*

Again, the three *Step-Saver* factors are not exclusive.  *Armstrong,* 961 F.2d at 412-24. Another factor this Court should consider is that Plaintiff has not yet exhausted the administrative remedies available to him under the Act.  As the Third Circuit Court of Appeals instructs, "[w]here a dispute arises under circumstances that permit administrative review, as in the case here, final administrative determination is favored under the ripeness doctrine." *Peachlum,* 333 F.3d at 434.  The Educator Discipline Act provides that confidential information may be released with "authorization of the commission or as authorized by this act." 24 P.S. § 2070.17b(b).  Indeed, "[t]he commission may order the release of confidential information upon petition of any interested party when it is just and proper." 24 P.S. § 2070.17b(e).  Plaintiff therefore has the continuing option to simply request authorization from the commission to disclose whatever confidential information he wishes, thereby making this litigation completely moot.  However, Plaintiff has not offered any evidence that he has sought that administrative

remedy, nor has he offered sufficient details about the purported "confidential information" that would allow this Court to determine disclosure might be otherwise "authorized by this act."

In consideration of the *Step-Saver* (and other) factors, Defendant respectfully asks this Court to dismiss Plaintiff's "Second Cause of Action" as unripe for review.

## II.     *The Court should abstain from adjudicating Plaintiff's claims in deference to adequate state laws and remedies.*

Even if Plaintiff's claims were ripe and otherwise justiciable, Defendant respectfully asks this Court to defer to Pennsylvania law and its courts under the doctrine of abstention. Federal abstention is the judicial mechanism by which federal courts decline to exercise constitutional or statutory jurisdiction in deference to state court proceedings. Though use of abstention is limited, at least four federal abstention doctrines have emerged to permit the states to resolve matters of state law without undue interference from the federal courts, thereby preserving the principles of federalism and comity. One such doctrine stems from *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941), commonly known as the *Pullman* doctrine, and is applicable in this case.

The Third Circuit Court of Appeals has held that abstention under the *Pullman* doctrine applies "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Planned Parenthood of Central New Jersey v. Farmer,* 220 F.3d 127, 149 (3d Cir. 2000) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976)). Abstention under *Pullman* is "appropriate where an unconstrued state statute is susceptible of a construction by the state

judiciary 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem.'" *Planned Parenthood,* 220 F.3d at 149.

As explained by our Court of Appeals, the purpose of abstaining under these circumstances is twofold: (1) to avoid a premature constitutional adjudication which could ultimately be displaced by a state court adjudication of state law; and (2) to avoid "needless friction with state polices." *Id.* While cautioning that abstention under *Pullman* is an exceptional measure, the Court outlined the three circumstances which must be present before a federal court may abstain:

> First, there must be "uncertain issues of state law underlying the federal constitutional claims." *Presbytery of N.J. of the Orthodox Presbyterian Church v. Whitman,* 99 F.3d 101, 106 (3d Cir. 1996), *cert. denied,* 520 U.S. 1155 (1997). Second, the state law issues must be amenable to a state court interpretation which could "obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim." *Id.* Third, it must be that "an erroneous construction of state law by the federal court would disrupt important state policies." *Id.*

*Planned Parenthood,* at 149-50. All three of those circumstances are present in the instant case.

First, there are uncertain issues of state law underlying Plaintiff's First Amendment claims, namely statutory construction and application of constitutional interests. There is an absolute dearth of state case law concerning the current or former[1] confidentiality provision of the Educator Discipline Act, thus indicating that state courts have not yet had the opportunity to interpret the statute or its constitutionality, facially or as applied. Moreover, the confidentiality provision is not as broad-sweeping as Plaintiff believes it to be. Indeed, it may be wholly inapplicable to Plaintiff's situation. Subsection (d) of the statute, for example, states that "the provisions of this section shall not apply to information relating to reinstatements or to

---

[1] 24 P.S. §§ 2070.10 and 2070.17 (both repealed by 2013, Dec. 18, P.L. 1205, No. 120)

proceedings under section 9.2 or 9.5 [24 P.S. §§ 2070.9b and 2070.9e]."  24 P.S. § 2070.17b(d).

Section 2070.9b explicitly covers discipline for certain criminal offenses, which would have

served the basis for Plaintiff's discipline, even if he had been acquitted or participated in an

alternative disposition program in exchange for the withdrawal of charges.  Therefore, a state

court (or the commission) could reasonably interpret the plain language of the confidentiality

statute as not applying to Plaintiff's situation if it determined his charged criminal offense to be

one of "moral turpitude."  See 24 P.S. § 2070.9b(2); see also, *Bowalick v. Commonwealth,* 840

A.2d 519 (Pa.Cmwlth. 2004).

A state court might also limit the scope of information "relating to" or "resulting from"

any complaints or proceedings under the Act, as they are rather vague terms, and such

information is not delineated by the General Assembly.  See 24 P.S. § 2070.17b(a).  Application

of state statutory construction principles, see 1 Pa.C.S.A. § 1901 *et seq.,* would be necessary to

divine the intent of the General Assembly to determine what information the statute actually

encompasses.  Though the particular nature of the information that Plaintiff wishes to

express/receive is unknown, simple statutory construction may make Plaintiff's concerns moot.

Second, the vagueness of the statutory language and the lack of opportunity for state

judicial determinations make the statute "amenable to a state court interpretation which could

obviate the need to adjudicate or substantially narrow the scope of the federal constitutional

claim."  See *Planned Parenthood,* 149-50.  Pennsylvania courts have long recognized that the

Pennsylvania Constitution provides *stronger* free speech protections for Plaintiff than does the

Federal Constitution.  See, e.g., *Pap's A.M. v. City of Erie,* 812 A.2d 591, 605 (Pa. 2002) ("At

this mature date in Pennsylvania constitutional history, it cannot be denied, and Erie candidly

does not dispute, that Article I, § 7 provides protection for freedom of expression that is broader

than the federal constitutional guarantee."). "Pennsylvania courts are obliged to construe

statutory enactments as consistent with the Pennsylvania Constitution." *Pennsylvania State*

*Education Association v. Commonwealth,* 148 A.3d 142 (Pa. 2016) (citing *Harrington v.*

*Commonwealth,* 763 A.2d 386 (Pa. 2000). Given the greater potential for relief accorded to

Plaintiff under the Pennsylvania Constitution than the Federal Constitution, this statute is more

than amenable to a state court interpretation that obviates the need to decide a federal

constitutional claim. It is also worth mentioning again that Plaintiff's exhaustion of

administrative remedies may obviate the need for any court to be involved.

Third, should this Court erroneously construe state law and prevent the Commonwealth

from enforcing this statute, it would disrupt and dismantle important confidentiality policies

which are designed to protect potential complainants under the Act from retribution, and are in

place to protect the privacy rights of participants, including those of the complainant and the

accused. As is common in many "whistleblower" statutes and legislation protecting children, the

confidentiality statute at issue is plainly necessary for complainants to come forward without fear

of losing privacy and anonymity. For context, this particular version of the confidentiality

statute[2] was amended as part of a "comprehensive legislative package to protect Pennsylvania's

children." See Governor's Message, December 18th, 2013, attached herein as "Exhibit A." The

inability of the Commonwealth to enforce confidentiality would discourage complainants from

coming forward with knowledge of educator misconduct, and thus make the Act largely

ineffective. That said, the confidentiality statute *also* acts to protect the privacy and integrity of

the accused educators in cases where the accusations are unfounded by enforcing its provisions

"unless or until" discipline is imposed. See 24 P.S. § 2070.17b(a). It is, after all, unlikely that

---

[2] For amendments, see 2013 Pa. Legis. Serv. Act 2013-120 (S.B. 34), attached herein as "Exhibit B."

many educators would want their professional integrity threatened by disclosure of unfounded allegations against them by incidental parties.  Therefore, the importance of the confidentiality provision, and the Commonwealth's ability to enforce it, cannot be understated for affected parties.

Defendant therefore asks this Court to abstain from adjudication of Plaintiff's claims until state administrative and legal remedies have been exhausted.

## CONCLUSION

For the above reasons, Defendant respectfully asks this Court to grant the Motion to Dismiss based on a lack of subject matter jurisdiction.  Specifically, it is requested that the Court dismiss Plaintiff's Second Cause of Action for lack of ripeness, or abstain from adjudicating the case under the *Pullman* doctrine in deference to Pennsylvania law and its courts.

Respectfully Submitted,

Molly R. Mudd, Esq.
Attorney for Defendant Sinnett
Supreme Court ID: 63496
117 Baltimore Street
Gettysburg, PA 17325
717-337-5911
mmudd@adamscounty.us

13

Case 1:18-cv-01370-JEJ  Document 61  Filed 02/03/20  Page 14 of 37  Exhibit A

Pennsylvania Governor's Message, 12/18/2013, Pennsylvania Governor's Message,...

PA Gov. Mess., 12/18/2013

Governor's Message, December 18, 2013

December 18, 2013
Governor of Pennsylvania
197th General Assembly, 2013 Regular Session

**Governor Corbett Puts Children First; Signs Child Protective Services Bills**

Bipartisan Legislation Follows Recommendations of Pennsylvania Task Force on Child Protection

**Harrisburg** - Governor Tom Corbett today will sign into law ten bills that put Pennsylvania's children first by making significant improvements to the state's child protection laws.

"I thank the General Assembly for their work in passing the first pieces of a comprehensive legislative package to protect Pennsylvania's children," Corbett said. "The legislation I'm signing today will better equip our communities to protect children, and enhance the safety and security of the commonwealth's children."

Corbett signed two of the bills, Senate Bill 23 and House Bill 726, during a signing event in the morning at The Pennsylvania Child Resource Center in Mechanicsburg.

Senate Bills 28, 30, 34 and 1116 and House Bills 321, 414, 1201 and 1594 will be signed later in the day.

The new laws follow the recommendations from a November 2012 report by the Pennsylvania Task Force on Child Protection, established through joint resolutions sponsored by Sen. Kim Ward (R-Westmoreland) and Rep. Ron Marsico (R-Dauphin).

The bills the governor signed will:
  • Amend the definition of child abuse to lower the threshold from serious bodily injury to bodily injury and include knowingly, recklessly or intentionally committing acts of child abuse or failing to act when child abuse is being committed. The bill also provides exclusions from substantiation of child abuse. (House Bill 726, Rep. Scott Petri (R-Bucks))
  • Broaden the definition of perpetrator to include employees or volunteers that have regular contact, school teachers and employees, and individuals related to the child. (Senate Bill 23, Senator Lisa Baker (R-Luzerne))
  • Recognize that perpetrators can be as young as 18 and create new protections that address false reports and intimidation. (Senate Bill 28, Senator Patrick Browne (R-Lehigh))
  • Provide immunity for reporters from liability, penalties for false reporting and improved appeals processes. (Senate Bill 30, Senator Ted Erickson (R-Chester))
  • Expand the basis for disciplinary action against teachers to include findings of child abuse. (Senate Bill 34, Senator Lloyd Smucker (R-Lancaster))

Clarify and encourage joint child abuse investigations between county children and youth agencies and law enforcement (Senate Bill 1116, Senator LeAnna Washington (D-Philadelphia))

Instruct the Pennsylvania Commission on Sentencing to provide guidelines for offenses involving child pornography. (House Bill 321, Rep. Marcy Toepel (R-Montgomery))

Declare that when awarding custody, a parent's involvement with cases of child abuse shall be considered and provide for information sharing on child protective services and general protective services to the jurisdiction determining custody. (House Bill 414, Rep. Bernie O'Neill (R-Bucks))

Case 1:18-cv-01370-JEJ  Document 61  Filed 02/03/20  Page 15 of 37

Pennsylvania Governor's Message, 12/18/2013, Pennsylvania Governor's Message,...

Prevent the records and name of minor victims of sexual or physical abuse from being available for public review. (House Bill 1201, Rep. Bryan Barbin (D-Cambria))

Establish the offense of luring a child into a motor vehicle or structure. (House Bill 1594, Rep. Mike Regan (R-York))

"The actions taken by Governor Corbett and our legislature will create a culture that promotes greater awareness, more accountability and better coordination between state and local government, law enforcement and health and child welfare agencies," said Department of Public Welfare Secretary Beverly D. Mackereth.

"These new laws are helping to transform our commonwealth into a state with several of the stiffest penalties for child abuse in the nation," Corbett said. "Enacting stronger child protection laws is one of those important moments when we come together and stand up for those who have suffered in silence and ensure that justice is served."

In addition to child welfare advocates, Corbett was joined at the live signing in Mechanicsburg by legislative sponsors, Senator Lisa Baker (R-Luzerne) and Rep. Scott Petri (R-Bucks), as well as Senator LeAnna Washington (D-Philadelphia), Rep. Mike Regan (R-York), Rep. Ron Marsico (R-Dauphin), Rep. Dan Moul (R-Adams), Rep. Bryan Barbin (D-Cambria), Rep. Katharine Watson (R-Bucks), Rep. Sheryl Delozier (R-Cumberland), Rep. Marcy Toepel (R-Montgomery), Rep. Bernie O'Neill (R-Bucks) and Rep. Ryan Aument (R-Lancaster).

For more information on Department of Public Welfare services and benefit programs for children, visit www.dpw.state.pa.us/forchildren/. For more information on the Pennsylvania Child Protection Task Force, visitwww.childprotection.state.pa.us/.

**Media contact**: Christine Cronkright, Governor's Office, 717-783-1116

Eric Kiehl, Department of Public Welfare, 717-425-7606

PA Gov. Mess., 12/18/2013

End of Document                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 16 of 37   *Exhibit B*

2013 Pa. Legis. Serv. Act 2013-120 (S.B. 34) (PURDON'S)

PENNSYLVANIA 2013 LEGISLATIVE SERVICE

One Hundred Ninety-Seventh Regular Session of the General Assembly

Additions are indicated by **Text**; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~Text~~ .

ACT NO. 2013–120
S.B. No. 34
EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS AMENDMENTS

AN ACT Amending the act of December 12, 1973 (P.L. 397, No. 141), entitled "An act relating to certification of teachers in the public schools of the Commonwealth and creating a Professional Standards and Practices Commission," making extensive substantive and editorial changes; providing for imposition of discipline on additional grounds, for imposition of discipline on founded reports, for confidentiality, for subpoenas and for disposition of fees and fines collected; and establishing the Professional Educator Discipline Account.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1. Sections 1.1 and 1.2 of the act of December 12, 1973 (P.L. 397, No. 141), known as the Professional Educator Discipline Act, added December 20, 2000 (P.L. 918, No. 123), are amended to read:

<< PA ST 24 P.S. § 2070.1a >>

**Section 1.1. Short Title** [1]
This act shall be known and may be cited as the ~~Professional~~ Educator Discipline Act.

<< PA ST 24 P.S. § 2070.1b >>

**Section 1.2. Definitions** [2]
When used in this act, the following words and phrases shall have the following meanings:

"Administrator" shall mean ~~a person who is a commissioned officer or holds a valid administrative certificate.~~ **an educator who holds a letter of eligibility, a commission, an administrative certificate or a supervisory certificate or who serves in a school entity in a position that supervises the educational operations of a school building, a school program or a school system.**

**"Certificate" shall mean any Commonwealth of Pennsylvania certificate, commission, letter of eligibility or permit issued under the act of March 10, 1949 (P.L. 30, No. 14),** [3] **known as the "Public School Code of 1949," or under the act of January 28, 1988 (P.L. 24, No. 11),** [4] **known as the "Private Academic Schools Act." The term includes a certificate or letter of eligibility that is invalid or inactive as defined in 22 Pa. Code § 49.2 (relating to inactivity and invalidity).**

"Charter **or cyber charter** school" shall mean a school established pursuant to Article XVII–A of the act of March 10, 1949 (P.L. 30, No. 14), [5] known as the "Public School Code of 1949."

"Charter **or cyber charter** school staff member" shall mean an individual employed by a charter **or cyber charter** school in a position for which ~~State~~ certification would be required in a public school other than a charter **or cyber charter** school but who is not required to hold ~~State~~ certification under section 1724–A of the act of March 10, 1949 (P.L. 30, No. 14),[6] known as the "Public School Code of 1949." The term includes an individual who is **an administrator, including** the chief administrator or **the** individual with primary responsibility for the administration of the charter **or cyber charter** school.

**"Chief school administrator" shall mean the superintendent or chief executive officer of a school district, the executive director of an intermediate unit, the director of an area vocational-technical school, the chief administrator of a charter or cyber charter school, the director of a private academic school or the chief administrator of a contracted educational provider.**

**"Child" shall mean an individual who is less than 18 years of age.**

"Commission" shall mean the Professional Standards and Practices Commission.

**"Contracted educational provider" shall mean an individual or an entity with which a school entity has contracted to provide direct educational services to its students.**

**"Contracted educational provider staff member" shall mean a person who:**

**(1) serves in a position for which certification would be required in a public school; and**

**(2) is employed by a contracted educational provider or by or in a school entity as an individual contracted educational provider.**

**The term includes an individual who is an administrator, including the chief administrator or the individual with primary responsibility for the administration of a contracted educational provider.**
"Department" shall mean the Department of Education **of the Commonwealth.**

"Discipline" shall mean ~~any one of the following actions~~ **any of the following**:

(1) ~~Issue a private~~ **Private** reprimand.

(2) ~~Issue a public~~ **Public** reprimand.

(3) ~~Direct the department to suspend the certificate of a professional educator~~ **Suspension.**

(4) ~~Direct the department to revoke the certificate of a professional educator~~ **Revocation.**

~~(5) For a charter school staff member, the term shall include an order suspending the person's eligibility to be employed by a charter school or prohibiting the person from being employed by a charter school.~~

~~(6) Accept a professional certificate surrendered in lieu of discipline.~~

**(5) Surrender.**

**(6) Supplemental sanctions.**

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 18 of 37

The commission may require a professional educator to meet certain conditions or take corrective action in conjunction with any discipline.

"Educational specialist" shall mean a person who holds an educational specialist certificate issued by the Commonwealth, including, **but not limited to,** a certificate ~~endorsed~~ in the area of elementary school counselor, secondary school counselor, social restoration, school nurse, home and school visitor, school psychologist, dental hygienist, instructional technology specialist or nutrition service specialist.

**"Educator" shall mean a person who holds a certificate, who is a charter or cyber charter school staff member or who is a contracted educational provider staff member.**

**"Indictment" shall include a bill of indictment, police criminal complaint, criminal information or other similar document.**

**"Private academic school" shall mean a school that is licensed to operate under the act of January 28, 1988 (P.L. 24, No. 11), known as the "Private Academic Schools Act."**

~~"Professional educator" shall mean a person who is certificated as a teacher, educational specialist or an administrator in the Commonwealth.~~

**"Revocation" shall mean the termination of a certificate, the termination of the eligibility to be employed as a charter or cyber charter school staff member or the termination of the eligibility to be employed as a contracted educational provider staff member.**

"School entity" shall mean a school district, intermediate unit ~~or~~ **,** area vocational-technical school, charter ~~school, Scotland School for Veterans' Children, Scranton State School for the Deaf and Thaddeus Stevens College of Technology~~ **or cyber charter school, private academic school or contracted educational provider**.

"Secretary" shall mean the Secretary of Education **of the Commonwealth**.

"Sexual abuse or exploitation" shall ~~mean the employment, use, persuasion, inducement, enticement or coercion of a child or student to engage in or assist any other person to engage in any sexually explicit conduct or a simulation of any sexually explicit conduct for the purpose of producing a visual depiction, including photographing, videotaping, computer depicting or filming, of any sexually explicit conduct or conduct that constitutes an offense under 18 Pa.C.S. 31 (relating to sexual offenses) or section 6312 (relating to sexual abuse of children) or other forms of sexual exploitation of children or students.~~ **have the meaning given to the term by 23 Pa.C.S. Ch. 63 (relating to child protective services).**

**"Sexual misconduct" shall mean any act, including, but not limited to, any verbal, nonverbal, written or electronic communication or physical activity, directed toward or with a child or a student regardless of the age of the child or student that is designed to establish a romantic or sexual relationship with the child or student. Such prohibited acts include, but are not limited to, the following:**

**(1) sexual or romantic invitations;**

**(2) dating or soliciting dates;**

**(3) engaging in sexualized or romantic dialogue;**

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 19 of 37

**(4) making sexually suggestive comments;**

**(5) self-disclosure or physical exposure of a sexual, romantic or erotic nature; or**

**(6) any sexual, indecent, romantic or erotic contact with the child or student.**

"State Board" shall mean the State Board of Education.

**"State Board of Private Academic Schools" shall mean the departmental administrative board as established by the act of January 28, 1988 (P.L. 24, No. 11), known as the "Private Academic Schools Act."**

**"Student" shall mean an individual enrolled in:**

**(1) a public school, including an intermediate unit, area vocational-technical school and a charter or cyber charter school;**

**(2) a private school, including a nonpublic, nonlicensed school, private academic school and accredited school; or**

**(3) a contracted educational provider.**

**"Supplemental sanctions" shall mean private or public disciplinary sanctions that focus on remediation or restitution, including, but not limited to, fees, fines, prescribed coursework, evaluations, treatment plans, impaired educator programs and other corrective action plans.**

**"Surrender" shall mean the termination by consent of a certificate or eligibility to be employed as a charter or cyber charter school staff member or as a contracted educational provider staff member whenever the surrender occurs at any time after the issuance of the certificate or the employment in a charter or cyber charter school or contracted educational provider.**

**"Suspension" shall mean the temporary termination of a certificate, the temporary termination of the eligibility to be employed as a charter or cyber charter school staff member or the temporary termination of the eligibility to be employed as a contracted educational provider staff member for a specific period of time, for an indefinite period of time or until specific conditions are met.**

"Teach" shall mean to engage in the practice of teaching in the public schools of the Commonwealth or to provide related educational specialist, administrative or supervisory services in such schools.

"Teacher" shall mean a **any** person who holds a valid **Pennsylvania teaching certificate. or who is employed as a contracted educational provider staff member or by a charter or cyber charter school in a position for which certification would be required in a public school other than a charter or cyber charter school, but who is not required to hold certification under the act of March 10, 1949 (P.L. 30, No. 14), known as the "Public School Code of 1949."**

Section 2. Section 2 of the act is amended to read:

<< PA ST 24 P.S. § 2070.2 >>

### Section 2. Certification Requirements [7]

(a) No person shall teach in a public school **educator shall be employed by a school entity** in the Commonwealth unless he has met the certification requirements **which are applicable to the position in the institution in which he is employed** as established by the State Board of Education which are applicable to the institution where he is employed. **, the State Board of**

Private Academic Schools or the department. An educator whose certificate has been revoked, suspended or surrendered is not eligible for employment in a school entity in a position requiring certification or for which certification would be required in a public school other than a charter or cyber charter school or eligible for any certificate until the certificate or eligibility is reinstated in accordance with this act.

(b) An educator whose eligibility to be employed as a charter or cyber charter school staff member or as a contracted educational provider staff member has been revoked, suspended or surrendered is not eligible for employment in a school entity in a position requiring certification or for which certification would be required in a public school other than a charter or cyber charter school or eligible for any certificate until eligibility is reinstated in accordance with this act.

Section 3. Sections 3, 4, 5 and 6 of the act, amended December 20, 2000 (P.L. 918, No. 123), are amended to read:

<< PA ST 24 P.S. § 2070.3 >>

## Section 3. Professional Standards and Practices Commission [8]

(a) There is hereby created a Professional Standards and Practices Commission consisting of thirteen members appointed by the Governor with the advice and consent of a majority of the members elected to the Senate.

(b) The term of office of members of the commission shall be three years except that: , with members serving fixed and staggered terms so that in the first two of every three years, the terms of four members expire, and in the third of every three years, the terms of five members expire.

(1) the terms of office of four members appointed in the calendar year 2000 shall expire on the third Tuesday of January 2001;

(2) the terms of office of four members appointed in the calendar year 2000 shall expire on the third Tuesday of January 2002; and

(3) the terms of office of five members appointed in the calendar year 2000 shall expire on the third Tuesday of January 2003.

(c) Vacancies shall be filled for an unexpired term in the same manner as original appointments. No person shall serve for more than two consecutive terms as a member of the commission; however, members may continue to serve after the expiration of their term until a replacement appointed by the Governor is confirmed. The Governor may remove any member from the commission for misconduct or malfeasance in office, incapacity, or neglect of duty. All members of the commission shall be residents of the Commonwealth of Pennsylvania.

<< PA ST 24 P.S. § 2070.4 >>

## Section 4. Membership and Qualifications [9]

(a) The membership of the Professional Standards and Practices Commission shall consist of:

(1) Seven classroom teachers, including one educational specialist, broadly representative of the teaching profession from public schools  Six classroom teachers broadly representative of the education profession, with not more than one from a school entity other than a public school.

(2) Three administrators from public schools  a school entity, at least one of whom shall be a commissioned officer and one a principal, with not more than one from a school entity other than a public school.

(3) One administrator from an approved institution of higher learning in the Commonwealth offering approved teacher education programs.

(4) Two members from the general public, at least one of whom shall be an elected public school director.

**(5) One educational specialist.**

(b) Except for the representatives of the general public, the Governor in making appointments shall consider recommendations from panels of nominees submitted by Statewide **educational** organizations ~~of professional educators~~ which certify that the panels include only representatives of the category of professional personnel for which the panel or panels of nominees are submitted. However, the Governor shall not be limited to nominating members of Statewide organizations for appointments to the commission.

(c) All members of the commission except the persons representing the general public shall have been actively engaged in teaching or providing related educational, administrative or supervisory services in a ~~public school~~ **school entity** or approved institution of higher education with approved teacher education programs for at least five of the eight years immediately preceding their appointment. A person appointed to the commission who leaves the Commonwealth to become domiciled in another state shall have his position on the commission deemed vacated. A person whose status changes to a category different from that for which that person was appointed may continue to serve on the commission for the remainder of that person's appointment **or until replaced**.

(d) The chairman of the State Board ~~of Education~~ , or a member of the ~~board~~ **State Board** designated by the chairman, shall be an ex officio member of the commission without voting privileges.

(e) The members of the commission, employes of the commission and agents of the commission shall in all of their deliberations consider the public interest**, including ensuring the health, safety and welfare of students or other individuals in school entities**.

<< PA ST 24 P.S. § 2070.5 >>

### Section 5. Power and Duties [10]

(a) The Professional Standards and Practices Commission shall have the power and its duty shall be:

(1) To recommend to the State Board ~~of Education~~ rules and regulations defining positions for which certification should be required and criteria to determine qualifications, consistent with this act, necessary to hold such a certificate.

(2) To recommend to the State Board ~~of Education~~ rules and regulations providing for making a certificate permanent upon evidence of such teaching experience and additional preparation as may by rule be required.

(3) To recommend to the State Board ~~of Education~~ rules and regulations providing for ~~the Department of Education~~ **the department's** investigation and determination of the acceptability of programs of professional education in colleges and universities of this Commonwealth issuing degrees to persons who may desire to teach in the schools of this Commonwealth. The commission may recommend as its own, with or without modification, standards used by other organizations engaged in the evaluation of teacher preparation programs. In ~~establishing~~ **recommending** standards pursuant to this clause, the commission shall consider, among other factors, the following:

(i) Ongoing research and developing theories in education.

(ii) The knowledge and skills necessary to effectively perform professional education functions.

(iii) The liberal arts and general education requirements that are the foundation of a teacher preparation program.

(iv) The value of student ~~teacher~~ **teaching**, laboratory work and other professional experience as preparation for certification.

(v) The cultural and demographic diversity of relevant student populations.

(vi) Other interests of the public.

The commission shall assess the effectiveness of educator preparation programs and recommend changes to the State Board ~~of Education~~ as indicated by such evaluations.

(4) To recommend to the State Board ~~of Education~~ changes in teacher education programs based on commission conducted assessments of these programs.

(5) To recommend to the State Board ~~of Education~~ rules and regulations providing for acceptance or approval of certificates to teach issued by other states, countries and bodies.

(6) To recommend to the State Board ~~of Education~~ rules and regulations providing for the department to enter into agreements with agencies of other states for reciprocal approval of teacher preparation programs.

(7) To recommend to the State Board ~~of Education~~ rules and regulations governing examinations for the initial certification of teachers.

(8) To cooperate with a national board for professional education certification recognized by the commission to such degree as, in the commission's judgment, shall bring advantage to the Commonwealth.

(9) To establish procedures for ~~conducting hearings pursuant to section 13 and for hearings regarding reinstatement of certificates~~ **the commission's adjudication of educator misconduct and applications for reinstatement and for conducting public hearings, including the imposition of fines and fees**.

(9.1) To adopt requirements regarding the submission of reports by the department on the processing of complaints in order to ensure the timely and effective resolution of complaints.

(10) To adopt and maintain a code for professional practice and conduct **that shall be applicable to any educator as defined in this act,** pursuant to the act of July 31, 1968 (P.L. 769, No. 240), [11] referred to as the Commonwealth Documents Law. Nothing in the code for professional practice and conduct shall be an independent basis for ~~the suspension or revocation of a certificate~~ **discipline other than a public or private reprimand**, nor shall it pertain to questions of membership or affiliation or nonaffiliation in an employe organization, or participation in the actions of an employe organization, or participation or nonparticipation in the actions of an employe organization related to the negotiation of a collective bargaining agreement, a strike or other work stoppage as defined under the act of July 23, 1970 (P.L. 563, No. 195), [12] known as the "Public Employe Relations ~~Act," provided that the code may specify those sections the violation of which may constitute a basis for reprimand.~~ **Act."**

~~(11) To discipline any professional educator or charter school staff member found guilty upon hearings before the commission of immorality, incompetency, intemperance, cruelty or negligence or for violation of any provision of the act of May 29, 1931 (P.L. 210, No. 126), entitled, "An act to regulate the certification and the registration of persons qualified to teach in accredited elementary and secondary schools in this State; imposing certain duties upon the Department of Public Instruction and the State Board of Education; defining violations; providing penalties, and for appeal to the court of common pleas of Dauphin County." The commission shall establish definitions consistent with this clause.~~

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 23 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

(11.1) To direct the department to ~~suspend or revoke the certificate of a professional educator or charter school staff member~~ **discipline any educator** in accordance with section 9.2, **9.3, 9.4 or 9.5**.

**(11.2) To impose supplemental sanctions or other conditions, corrective action, fines, costs or fees for violations of this act or for reinstatement, including requiring an educator, at the educator's own expense, to submit to the evaluation or care, counseling or treatment of a physician, psychologist, therapist or psychiatrist as designated by the commission or enter an impaired educator program or similar program approved by the commission.**

**(11.3) To issue subpoenas in accordance with procedures set forth in this act.**

(12) To establish procedures which assure that actions concerning discipline **and reinstatement** of ~~professional~~ educators shall comply with due process **requirements**.

**(12.1) To establish and participate in alternative dispute resolution programs to allow for flexibility, early resolution and cooperation in resolving charges filed under section 13.**

**(12.2) To develop outreach programs, professional development and courses designed to improve the quality of practice and ethical conduct in the teaching profession.**

(13) To keep minutes of its meetings and report annually to the Governor, the General Assembly, the State Board ~~of Education~~ , the education profession and the public and to publish, from time to time, such other reports as it deems appropriate.

(14) To adopt, pursuant to the act of July 31, 1968 (P.L. 769, No. 240), referred to as the Commonwealth Documents Law, operating and procedural rules and regulations necessary to carry out the purposes of this act. The commission shall hold public hearings and take testimony concerning proposed recommendations which shall be presented to the State Board ~~of Education~~ .

**(a.1)** Nothing in this act shall be construed to prevent organizations of the education profession from adopting measures designed to improve the standards and practices of ethics and academic freedom among their members and in their relationships with other persons and groups.

(b) All teachers' certificates in force in this Commonwealth on ~~the effective date of this amendatory act~~ **February 17, 2001,** shall continue in full force and effect, subject to all the terms and conditions under which they were issued, until they expire by virtue of their own limitations, unless they are sooner annulled for the reasons and in the manner provided by law.

(c) Recommendations as outlined in subsection (a) shall be presented publicly at a scheduled State Board ~~of Education~~ meeting. This presentation shall be prior to any board action on regulations, standards or guidelines affecting teacher certification, professional practices, accreditation of teacher education programs and long range plans.

<< PA ST 24 P.S. § 2070.6 >>

## Section 6. Organization and Meetings of the Commission [13]

(a) The Governor shall annually select a chairman from among the membership of the commission. The chairman, or a commission member designated by the chairman, shall be an ex officio member of the State Board ~~of Education~~ without voting privileges or assignment to either council.

(b) Meetings shall be held at least five times per year at the call of the chairman or upon request in writing of a majority of the commission. A majority shall constitute a quorum and a majority of such quorum shall have authority to act upon any matter properly before the commission unless otherwise specified in this act. ~~In the case of the discipline of an administrator,~~

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 24 of 37

the commission shall act by a majority vote of a special panel of at least nine members selected by the chairman, to include no more than three teachers. The first meeting of the commission shall be held within six months of the effective date of this act. Meetings of the commission shall be open to the public and the executive director of the commission shall be responsible for seeing that notices of meetings of the commission are properly circulated.

Section 4. Sections 7 and 8 of the act, amended December 14, 1989 (P.L. 612, No. 71), are amended to read:

<< PA ST 24 P.S. § 2070.7 >>

### Section 7. Expenses [14]

Members of the commission shall receive no compensation for their services, but shall be reimbursed for their actual and necessary expenses incurred in the performance of official commission business. A member of the commission, who is an employe of an agency of the Commonwealth, or any of its political subdivisions including school districts , or of a school entity, shall be permitted to attend commission meetings and perform other commission duties without loss of income or other benefits. A State agency or any political subdivision of this Commonwealth, including a school entity, required to employ a substitute for a member of the commission who is absent from his employment while performing commission business shall be reimbursed by the Department of Education department from funds appropriated for the general government operations of the Department of Education department for the actual amount of any costs incurred upon presentation of a request for reimbursement and documentation of such cost. A member of the commission who is employed by a private employer shall be reimbursed by the Department of Education department, from funds appropriated for the general government operations of the Department of Education department, for any income lost, pursuant to guidelines established by the commission, as a result of attendance at commission meetings or performance of other official commission duties upon presentation of a request for reimbursement and documentation of such loss.

<< PA ST 24 P.S. § 2070.8 >>

### Section 8. Commission Staff [15]

(a) There shall be an executive director of the commission who shall serve as the executive officer and secretary of the commission. The commission and the secretary shall jointly employ and fix the compensation of the executive director. The executive director, with approval of the commission and the secretary, may employ additional professional and clerical personnel as may be necessary to carry out the duties and responsibilities of the commission. The Department of Education department shall provide adequate space and equipment to facilitate the activities of the commission.

(b) The Governor, through his General Counsel, shall provide such legal advice and assistance as the commission may require.

Section 5. Sections 9, 9.1 and 9.2 of the act, amended or added December 20, 2000 (P.L. 918, No. 123), are amended to read:

<< PA ST 24 P.S. § 2070.9 >>

### Section 9. Complaints and Department Investigations [16]

(a) A proceeding to discipline a professional educator shall be initiated by the filing of a complaint with the department by any interested party within one year from the date of the occurrence of any alleged action specified under section 5(a)(11), or from the date of its discovery. Complaints involving sexual abuse or exploitation of a child or a student may be filed beyond the date of the alleged occurrence or date of its discovery up until five years after the child or student reaches 18 years of age. If the alleged action is of a continuing nature, the date of its occurrence is the last date on which the conduct occurred. The filing of a written educator misconduct complaint with the department will initiate the department's review and investigation of an educator.

Case 1:18-cv-01370-JEJ Document 61 Filed 02/03/20 Page 25 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

**(b) For purposes of this act, the department may file an educator misconduct complaint.**

(c) The department may by regulation prescribe standards for the filing of complaints. The complaint shall, at a minimum:

(1) be in a **written** form prescribed by the department;

(2) specify the nature and character of the ~~charges~~ **allegations of misconduct**; and

(3) be verified ~~under oath by the complaining party~~ **by the complainant** or a duly authorized agent of the ~~complaining party~~ **complainant and made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities)**.

(d) The commission~~, and its individual members,~~ may not file a complaint ~~or initiate a disciplinary proceeding on their own motion, except that if, in~~ **. If an individual commissioner in his or her personal capacity or in** the performance of ~~commission business, the commission, or any of its individual members,~~ **his or her professional responsibilities as an employe of a school entity** uncovers evidence **of educator misconduct** that would appear to ~~require discipline, the commission may transmit such evidence to the department where such evidence will be treated as~~ **warrant discipline under this act, the individual commissioner may file** a complaint in accordance with the provisions of this act.

~~(f)~~ **(e)** Upon receipt of a complaint, the department shall promptly review it and all other complaints and information relating to the ~~professional~~ educator.

(1) If the facts alleged are not **legally** sufficient to warrant discipline **under this act**, the department shall dismiss the complaint and provide written notice of such dismissal to the ~~complaining party and to the affected professional~~ **complainant and to the** educator.

(2) If the facts alleged are deemed **legally** sufficient to warrant discipline~~, the department shall notify the affected professional educator and the complaining party in writing of the sufficiency of the complaint and~~ **under this act, the department shall provide written notice of the legal sufficiency of the complaint to the educator, the current and former school entity in which the educator is or was employed and the complainant.**

**(2.1) If the facts alleged are deemed legally sufficient to warrant discipline, the department may** conduct a preliminary investigation to determine whether there is probable cause to believe that grounds for discipline exist. The department shall be provided, upon request **to the complainant, the educator and the current and former school entity in which the educator is or was employed**, any ~~documents~~ **relevant information and documentary and physical evidence** it may reasonably require in pursuit of its preliminary investigation. ~~Such request shall be made in writing to the professional educator or the current or prior employer.~~

(3) If the department determines that probable cause does not exist, ~~it shall issue a written notice to the affected professional educator, the complaining party and the current or prior employer if the employer was notified of the complaint. If a finding of probable cause is made, the department shall so notify the affected professional educator and the complaining party and may immediately conduct an investigation pursuant to section 12 or transmit its preliminary findings to the local school governing board of the school entity in which the affected professional educator is or was last serving, to allow the local school board to investigate and comment upon the appropriateness of professional discipline.~~ **the department shall dismiss the complaint and provide a written notice of such dismissal to the educator, the complainant and the current and former school entity in which the educator is or was employed.**

**(4) If the department determines that probable cause exists, the department shall provide written notice to the educator, the complainant and the current and former school entity in which the educator is or was employed and may**

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ Document 61 Filed 02/03/20 Page 26 of 37

immediately conduct an investigation, which may include directing the school entity to investigate and comment upon the appropriateness of professional discipline in accordance with section 11.

(f) In conducting its investigations under this act, the department may investigate any and all allegations of misconduct in the complaint or complaints and any other misconduct concerning the educator that is discovered in the course of the investigations.

<< PA ST 24 P.S. § 2070.9a >>

## Section 9.1. ~~Reporting to Department~~  Mandatory Reporting [17]

(a) The ~~superintendent, assistant superintendent, executive director of an intermediate unit, chief administrator of an area vocational-technical school, administrator of a charter school or their designees shall report any~~  **chief school administrator or his designee shall file all** of the following ~~to~~  **information with** the department **in writing on a form prescribed by the department**:

(1) ~~The dismissal of a certificated employe~~  **Any educator who has been provided with notice of intent to dismiss or remove for cause, notice of nonrenewal** for cause**, notice of removal from eligibility lists for cause or notice of a determination not to reemploy for cause. The report shall be filed within ~~30~~  15 days after ~~an administrative decision by an arbitrator or the local board of school directors~~  notice is provided by a school entity**.

(2) ~~Conduct that has resulted in a criminal indictment or conviction for a crime set forth in section 111(e)(1) through (3) of the act of March 10, 1949 (P.L. 30, No. 14),~~ [18] ~~known as the "Public School Code of 1949," or other crime that involves moral turpitude. The report shall be filed within 30 days of the receipt of information and shall include all available information relating to the conduct resulting in the charge or conviction.~~  **Any educator who has been arrested or indicted for or convicted of any crime that is graded a misdemeanor or felony. For purposes of this section, the term conviction shall include a plea of guilty or nolo contendere. The report shall be filed within 15 days of discovery of the indictment, arrest or conviction.**

(3) ~~Information which constitutes reasonable cause to believe that a certificated employe has caused physical injury to a student or child as a result of negligence or malice or has~~  **Any educator against whom allegations have been made that the educator has:**

(i) committed sexual abuse or exploitation involving a **child or** student ~~or child.~~  **; or**

(ii) engaged in sexual misconduct with a child or student.

The report shall be filed within ~~60~~  **15** days of the ~~receipt of the information.~~  **discovery of the allegations of misconduct.**
(3.1) Information which constitutes reasonable cause to suspect that an educator has caused physical injury to a child or student as a result of negligence or malice. The report shall be filed within 15 days of the discovery of the information.

(4) Any educator who has resigned, retired or otherwise separated from employment after a school entity has received information of alleged misconduct under this act. The report shall be filed within 15 days of the separation from employment, notwithstanding any termination agreement to the contrary that the school entity may enter into with the educator.

(5) Any educator who is the subject of a report filed by the school entity under the reporting requirements of 23 Pa.C.S. Ch. 63 (relating to child protective services). The report shall be filed within 15 days of the filing of the child protective services report.

Case 1:18-cv-01370-JEJ Document 61 Filed 02/03/20 Page 27 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

(6) Any educator who the school entity knows to have been named as the perpetrator of an indicated or founded report of child abuse or named as an individual responsible for injury or abuse in an indicated or founded report for a school employe under 23 Pa.C.S. Ch. 63. The report shall be filed within 15 days of discovery of the child protective services report.

(b) The superintendent, assistant superintendent, executive director of an intermediate unit, chief administrator of an area vocational-technical school and administrator of a charter school or their designee shall comply with the provisions of subsection (a). Failure to comply shall be deemed a violation of subsection (a) by the chief school administrator of that school entity and may result in disciplinary action against the chief school administrator.

(c) An educator who is arrested or indicted for or convicted of any crime enumerated under section 111(e) and (f.1) of the act of March 10, 1949 (P.L. 30, No. 14), known as the "Public School Code of 1949," shall report the indictment, arrest or conviction to the school entity at which the educator is currently employed within 72 hours of the indictment or conviction.

(d) An educator who knows of any action, inaction or conduct which constitutes sexual abuse or exploitation or sexual misconduct under this act shall file a mandatory report with the department and shall report such misconduct to his or her chief school administrator and immediate supervisor. The report shall be filed within 15 days of the discovery of the sexual abuse or exploitation or sexual misconduct.

(e) All reports submitted to the department shall include an inventory of all information and documentary and physical evidence in possession or control of the school entity relating to the misconduct resulting in the report and the name and contact information for the current custodian of the items listed in the inventory. The school entity shall provide promptly to the department any documents or items requested after the department reviews the inventory.

<< PA ST 24 P.S. § 2070.9b >>

### Section 9.2. ~~Imposition of Discipline.~~— Discipline for Criminal Offenses [19]

(a) The commission shall ~~do all of the following regarding suspension or revocation of a professional certificate~~ :

(1) Direct the department to immediately suspend the certificate ~~of a professional~~ and employment eligibility of an educator indicted for a crime set forth in section 111(e)(1) through (3) of the act of March 10, 1949 (P.L. 30, No. 14), known as the "Public School Code of 1949," or the attempt, solicitation or conspiracy to commit any crime set forth in that section if the commission, after notice and hearing if requested, determines that the ~~professional~~ educator poses a threat to the health, safety or welfare of ~~a student~~ students or other ~~individual in a school~~ persons in the schools of this Commonwealth in accordance with the following:

(i) Within 15 days of ~~the receipt~~ service of notice of charges issued by the department, the ~~professional~~ educator may request a hearing before the commission on the question of whether the certification or employment eligibility should be immediately suspended. The commission or a ~~committee~~ panel of members of the commission shall hold a hearing within ~~15~~ 30 days of the receipt of the request for hearing. If the educator fails to request a hearing, the commission or a panel of members of the commission promptly shall convene a meeting to consider the request for immediate suspension. The commission or ~~committee~~ panel shall issue a decision within 20 days after the conclusion of the meeting or hearing, including receipt of the transcript or filing of any briefs. The ~~professional~~ educator may appeal the decision of the commission pursuant to section ~~15~~ 15(a), except that an appeal filed shall not operate as a stay of the discipline.

(ii) The commission may elect not to direct the department to suspend the certificate ~~of a professional~~ and employment eligibility of any educator indicted for a crime under this subsection if the ~~professional~~ educator files an affidavit attesting that during the pendency of the criminal ~~charge the professional~~ proceeding the educator will not be employed in a position that

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 28 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

requires ~~professional~~ certification or involves direct contact with children **or students. The commission shall not accept an affidavit when the allegations that form the basis of the criminal proceeding involve sexual misconduct or sexual abuse or exploitation of a child or student**.

(iii) The commission shall direct the department to immediately lift a suspension upon receipt of certified court documents establishing that the charges have been dismissed or otherwise removed.

(iv) ~~The commission may reinstate the certificate of a professional~~ **Upon petition by the educator, the commission may direct the department to reinstate the certificate and employment eligibility of an** educator suspended under this paragraph or release the ~~professional~~ educator from an affidavit under subparagraph (ii) if the ~~professional educator participates in~~ **educator is admitted into an** accelerated rehabilitative disposition **program** as a result of the indictment and the commission determines that the ~~professional~~ educator does not pose a threat to the health, safety or welfare of students or other individuals in a school. The commission shall conduct an expedited hearing, **if requested,** for an applicant for reinstatement or release under this subparagraph. Notwithstanding the provisions of this subparagraph, an applicant shall not be reinstated if the indictment was for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses) ~~where the victim is a minor.~~ **prior to successful completion of the accelerated rehabilitative disposition program and dismissal of the criminal charges.**

(2) Direct the department to revoke the certificate ~~of a professional~~ **and employment eligibility of an** educator who has been convicted of a crime set forth in section 111(e)(1) through (3) of the "Public School Code of 1949," ~~or~~ a crime involving moral turpitude, ~~or an equivalent crime in Federal court or a court of another state, territory or nation,~~ **or the attempt, solicitation or conspiracy to commit any crime set forth in this section** upon the filing of a certified copy of the verdict or judgment or sentence of the court with the commission. The commission shall direct the department to immediately reinstate a certificate **and employment eligibility** upon receipt of certified court documents establishing that the conviction was reversed ~~on appeal~~. For purposes of this paragraph, the term "conviction" shall include a plea of guilty or nolo contendere.

~~(3) Direct the department to discipline a professional educator upon receipt of a certified copy of an adjudication from the appropriate licensing authority in another state, territory or nation imposing discipline for grounds, other than a conviction under paragraph (2), that are comparable to grounds for discipline under this act. Upon receipt of the adjudication, the commission shall issue an order directing that the professional educator show cause why the imposition of identical or comparable discipline in this Commonwealth would be unwarranted. The professional educator shall respond within 30 days of receipt of the order. The final adjudication by an appropriate licensing authority of another jurisdiction shall be conclusive as to the misconduct of a professional educator under this act. Within 30 days after the time alloted for the professional educator to respond to the order to show cause, the commission may impose the identical or comparable discipline unless the professional educator demonstrates that:~~

~~(i) the discipline would result in a grave injustice;~~

~~(ii) the discipline is substantially different from what would have been imposed for similar conduct in this Commonwealth; or~~

~~(iii) the procedure used in the other jurisdiction did not provide due process.~~

~~(4) Direct reinstatement of a certificate revoked, suspended or surrendered in lieu of discipline in accordance with this act.~~

**(b) Nothing in this section shall be construed to prevent the department from pursuing discipline under this act against any educator who has been acquitted, who has participated in an alternative disposition program or for whom the criminal charges were otherwise withdrawn or dismissed.**

Section 6. The act is amended by adding sections to read:

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 29 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

<< PA ST 24 P.S. § 2070.9c >>

### Section 9.3. Imposition of Discipline on Additional Grounds [20]

(a) The commission shall direct the department to impose discipline against any educator for conduct found by the commission to constitute:

(1) Immorality.

(2) Incompetency.

(3) Intemperance.

(4) Cruelty.

(5) Negligence.

(6) Sexual misconduct.

(7) Sexual abuse or exploitation.

(8) A violation of the code for professional practice and conduct adopted pursuant to section 5(a)(10).

(9) Illegal use of professional title as set forth in the act of May 29, 1931 (P.L. 210, No. 126), [21] entitled "An act to regulate the certification and the registration of persons qualified to teach in accredited elementary and secondary schools in this State; imposing certain duties upon the Department of Public Instruction and the State Board of Education; defining violations; providing penalties, and for appeal to the court of common pleas of Dauphin County."

(10) Failure to comply with duties under this act, including the mandatory reporting duties set forth in section 9.1.

(11) Actions taken by an educator to threaten, coerce or discriminate or otherwise retaliate against an individual who in good faith reports actual or suspected misconduct under this act or against complainants, victims, witnesses or other individuals participating or cooperating in proceedings under this act.

(b) The commission shall establish definitions consistent with this section.

<< PA ST 24 P.S. § 2070.9d >>

### Section 9.4. Imposition of Discipline on Founded Reports [22]

(a) Notwithstanding any provision of 23 Pa.C.S. Ch. 63 (relating to child protective services), the commission shall:

(1) Direct the department to revoke the certificate and employment eligibility of an educator who is named as the perpetrator of a founded report of child abuse or named as an individual responsible for injury or abuse in a founded report for a school employe under 23 Pa.C.S. Ch. 63 upon receipt of documentation verifying the founded report.

(2) Direct the department to immediately reinstate a certificate and employment eligibility upon receipt of a certified document establishing that a founded report of child abuse or founded report for a school employe was reversed or determined to be unfounded.

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 30 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

**(b)** Nothing in this section shall be construed to prevent the department from pursuing discipline under this act against any educator for whom a founded report of child abuse or founded report for a school employe was reversed or determined to be unfounded.

<< PA ST 24 P.S. § 2070.9e >>

### Section 9.5. Reciprocal Discipline [23]

**(a)** Upon receipt of a certified copy of an adjudication from the appropriate licensing authority in another state, territory or nation imposing discipline for grounds that are comparable to the grounds for discipline under this act, the department may issue an order directing that the educator show cause why the imposition of identical or comparable discipline in this Commonwealth would be unwarranted. The final adjudication by an appropriate licensing authority of another jurisdiction shall be conclusive as to the misconduct of an educator under this section. The educator shall respond within 30 days of service of the order to show cause. The commission may direct the department to impose the identical or comparable discipline unless the educator demonstrates that:

**(1)** the discipline would result in a grave injustice;

**(2)** the discipline is substantially different from what would have been imposed for similar conduct in this Commonwealth; or

**(3)** the procedure used in the other jurisdiction did not provide due process.

**(b)** Nothing in this section shall be construed to prevent the department from pursuing discipline against any educator disciplined in another state, territory or nation under other sections of this act.

<< PA ST 24 P.S. § 2070.9f >>

### Section 9.6. Unavailability of Certain Defense and Mitigating Factor [24]

The consent of a child or a student to engage in sexual misconduct or sexual abuse or exploitation may not be a defense or a mitigating factor in any discipline proceeding under this act.

Section 7. Section 10 [25] of the act, amended December 20, 2000 (P.L. 918, No. 123), is repealed:

<< Repealed: PA ST 24 P.S. § 2070.10 >>

### Section 10. Confidentiality

(a) All information relating to any complaints, including the identity of the complainant, or any proceedings relating to or resulting from such complaints, shall remain confidential, unless or until discipline, other than a private reprimand, is ordered, any provision of law to the contrary notwithstanding. Should proceedings, after all appeals, result in discipline, other than private reprimand, such discipline and all records pertaining thereto shall become public. There shall be no ex-parte communication on any pending matter regarding discipline.

(b) This section shall not prohibit any person from disclosing information previously made public as a result of action by a school entity to dismiss a certified employe for cause or as a result of a certified employe having been formally charged with or convicted of a crime of moral turpitude or another offense requiring mandatory revocation of a certificate.

(c) The provisions of this section shall not apply to reinstatements.

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 31 of 37

(d) Nothing in this section shall be construed to deny a professional educator access to information necessary to prepare a defense in a disciplinary proceeding under this act.

Section 8. Sections 11, 12, 13, 14, 15 and 16 of the act, amended December 20, 2000 (P.L. 918, No. 123), are amended to read:

<< PA ST 24 P.S. § 2070.11 >>

### Section 11. Duties of ~~Local School Board Officials~~ School Entities [26]

(a) Upon receipt of ~~the preliminary findings~~ **notification in writing** from the department, a ~~local school board shall investigate~~ **school entity shall investigate the allegations of misconduct as directed by the department** and may pursue the local disciplinary procedures established by law or by collective bargaining agreement for adjudication of complaints against ~~professional educators. The local school board shall inform the department within 90 days of receipt of the preliminary findings whether the local school board will pursue disciplinary action and whether the board believes that professional disciplinary action by the commission is warranted~~ **an educator**.

(b) ~~The school board, when its local investigation is completed, may make a definite~~ **Within 90 days of receipt of the written notification from the department directing the school entity to conduct an investigation, the school entity shall inform the department of the outcome of its investigation and whether it will pursue local employment action and may make a** recommendation concerning discipline~~. The school board shall notify the affected professional educator of any such recommendation and shall provide to the department~~ **under this act. The department, upon request by a school entity, may extend the 90-day reporting period. In reporting the outcome of its investigation, the school entity shall provide the department with**:

(1) Its findings ~~and~~ **,** a summary of **the** evidence gathered **and an inventory of all documentary and physical evidence related to the allegations of misconduct and the name and contact information for the current custodian of items listed in the inventory**.

(2) Any other relevant information which the department may request, including information related to individuals interviewed by the ~~local school board.~~ **school entity.**

**(b.1)  If the school entity makes a recommendation concerning discipline, it shall notify the educator of such recommendation.**

(c) A school ~~district, intermediate unit, area vocational-technical school or charter school,~~ **entity** and any official or employe thereof~~,~~ shall cooperate with the department during ~~all stages of the disciplinary process.~~ **its review, investigation or prosecution and promptly shall provide the department with any relevant information and documentary and physical evidence that the department may reasonably request.**

**(d) When the department receives information at any time during the course of its review, investigation or prosecution of misconduct that the educator is currently employed by a school entity not previously notified under this act, the department shall notify the school entity of the complaint, investigation and charges so that the school entity may exercise its duties and rights under this act.**

**(e) A school entity is prohibited from entering into any agreement with an educator or educator association whereby a school entity agrees not to comply with its mandatory reporting duties or other duties outlined in this act. Any agreement or provision of an agreement contrary to this subsection is void and unenforceable.**

Case 1:18-cv-01370-JEJ    Document 61    Filed 02/03/20    Page 32 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

<< PA ST 24 P.S. § 2070.12 >>

## Section 12. Department Action After Investigation [27]

After completion of ~~an~~ **a preliminary or full** investigation, the department may dismiss the ~~charges~~ **complaint**, determine that appropriate and sufficient punishment has been imposed by the ~~local school board, or initiate hearing procedures~~ **school entity, participate in alternative dispute resolution process, enter into a written settlement agreement with the educator or initiate the formal adjudicatory hearing process with the filing of charges with the commission**. If the complaint is dismissed or ~~it is determined that appropriate and sufficient punishment has been imposed by the local school board~~ **otherwise resolved without the filing of charges with the commission**, the department shall inform the ~~professional~~ educator, the complainant and the ~~local school board of the determination~~ **school entity of its resolution of the complaint**.

<< PA ST 24 P.S. § 2070.13 >>

## Section 13. Hearing [28]

(a) Upon determination to initiate ~~hearing procedures~~ **the formal adjudicatory hearing process**, the department shall~~,~~ within 30 days~~;~~ send a written notice to the ~~affected professional~~ educator advising of the charges and of his right to request a hearing within 30 days of ~~receipt~~ **service** of such notice. A copy of the written notice of the charges shall be served upon the ~~professional educator's current or prior employer~~ **current and former school entity in which the educator is or was employed. The notice of charges shall set forth all acts or omissions which the department asserts constitute misconduct and warrant discipline, which need not be limited to the allegations in the complaint or complaints, and may include allegations of misconduct that were discovered in the course of the department's investigation of a complaint or complaints**.

(b) Notwithstanding any other provision of this act, if the department in its discretion determines that immediate discipline is necessary to protect the health, safety or welfare of students or other persons in the schools of this Commonwealth, it ~~shall~~ **may** request that the commission modify the procedure set forth in this section and schedule an expedited hearing.

(c) The hearing shall be held in accordance with the following procedures **unless otherwise specified in this act or ordered by the commission**:

(1) Within ~~45~~ **15** days of receiving a request for a hearing, the commission shall appoint a hearing officer from a list of impartial third parties qualified to conduct such hearings. The list shall have been previously agreed upon jointly by the Governor's General Counsel and at least two-thirds of the commission, and shall have at least five names which shall be chosen on a rotating basis.

(2) The burden of proof shall be on the department, which shall act as prosecutor, to establish **by a preponderance of the evidence** that grounds for discipline exist.

(3) The ~~professional~~ educator against whom the ~~charge is~~ **charges are** made shall have the right to be represented by counsel and to present evidence and argument in accordance with rules of procedure promulgated by the commission.

(4) ~~The governing board of the school entity in which the affected professional educator is or was last employed may intervene, for cause shown, in accordance with 1 Pa. Code § 35.28~~ **After the filing of charges against an educator with the commission, the current or former school entity in which the educator is or was employed may intervene as of right in the disciplinary proceeding. Admission as an intervener shall not be construed as conferring full party status on the school entity, and interveners are granted no rights which survive discontinuance or resolution of the disciplinary matter before the commission**.

(5) The hearing shall be closed~~, unless the affected professional educator requests that it be open to the public. If the hearing is open, the hearing officer, in his discretion, may close any portion of the hearing for good cause shown. If the hearing is closed,~~

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 33 of 37

**(1) the grounds for discipline include sexual misconduct or sexual abuse or exploitation;**

**(2)** the commission's decision to discipline is accompanied by a finding that immediate discipline is necessary to protect the health, safety or welfare of students or other persons in the schools of this Commonwealth**; or**

**(3) the discipline imposed is the result of a negotiated settlement between the parties or is imposed under section 9.2**.

(c) Where the commission's adjudication ~~is in favor of the professional educator~~ **finds no educator misconduct under this act**, the charges pertaining to the disciplinary proceeding shall be expunged from any personal or professional file of the ~~professional~~ educator maintained by the department ~~and/or the local school entity.~~ **and the school entity unless the school entity has taken or is pursuing local disciplinary action against the educator.**

**(d) The commission shall make all adjudications imposing discipline, other than a private reprimand, available on a publicly accessible Internet website and shall cooperate with the department in maintaining a central online registry on a publicly accessible Internet website of charter and cyber charter school staff members and contracted educational provider staff members whose eligibility for employment has been suspended, revoked, surrendered or otherwise disciplined pursuant to this act.**

<< PA ST 24 P.S. § 2070.16 >>

### Section 16. Reinstatement [31]

(a) ~~Any professional~~ **An** educator whose certificate ~~has~~ **or employment eligibility has** been suspended, revoked or surrendered may apply to the commission for an order lifting the suspension or reinstating the certificate. The commission shall order the lifting of the suspension or reinstatement if the commission determines it would be just and proper. The commission shall seek and consider recommendations from the department prior to ordering the lifting of the suspension or reinstatement of the certificate **and employment eligibility** and shall conduct hearings on the application at the request of the ~~professional~~ educator in accordance with procedures ~~of this act~~ **established by the commission in accordance with this act. The commission shall also seek and may consider recommendations from the school entity or entities in which the educator was employed at the time of the misconduct**. For purposes of determining whether it is just and proper to lift a suspension or reinstate a certificate, the commission may consider:

(1) The conduct which resulted in discipline.

(2) Other past conduct of the applicant.

(3) The applicant's current attitude toward past conduct.

(4) Rehabilitation efforts and activities.

**(4.1) Evidence of compliance with any conditions imposed as part of the discipline.**

(5) References and letters of support ~~or~~ **of or in** opposition **to reinstatement**.

(b) The commission shall not lift the suspension or reinstate the certificate ~~of a professional~~ **or employment eligibility of an** educator if the suspension or revocation resulted from any of the following:

(1) A finding of guilt by the commission for sexual abuse or exploitation.

(2) Surrender of a certificate in lieu of discipline  **or employment eligibility** for conduct relating to sexual abuse or exploitation.

(c) The commission shall not lift the suspension or reinstate the certificate **or employment eligibility** of a professional  **an** educator convicted of an offense under 18 Pa.C.S. (relating to crimes and offenses)  set forth in section 111(e)(1) through (3) of the act of March 10, 1949 (P.L. 30, No. 14), known as the "Public School Code of 1949,  " for the time period set forth in that section.

Section 9. Section 17 [32] of the act, amended December 20, 2000 (P.L. 918, No. 123), is repealed:

<< Repealed: PA ST 24 P.S. § 2070.17 >>

#### Section 17. Unauthorized Release of Information

(a) Except as otherwise provided in section 10, a member, staff member or employee of the commission, the Department of Education, or any local school entity who releases or gives out information received at a commission meeting or hearing or through any disciplinary proceedings conducted pursuant to this act, without authorization of the commission, is guilty of a misdemeanor of the third degree.

(b) Any material witness or his or her representative who releases or gives out information received at a commission meeting or hearing involving disciplinary proceedings, or who releases or gives out information obtained as a result of direct involvement in the investigation of a professional educator or in any disciplinary proceedings conducted pursuant to this act, without authorization of the commission, is guilty of a misdemeanor of the third degree unless this information was known to the material witness or his or her representative prior to that meeting, hearing or investigation.

Section 10. Section 17.1 of the act, added December 20, 2000 (P.L. 918, No. 123), is amended to read:

<< PA ST 24 P.S. § 2070.17a >>

#### Section 17.1. Immunity From Liability [33]

(a) Notwithstanding any other provision of law, no person shall be subject to civil liability for filing a complaint **or a report** or for providing information to or cooperating with the department or the commission in the course of an investigation or proceeding conducted under this act. This section shall not apply to malicious action by any person or the provision of false information if the person knew or had reason to know that the information was false.

**(b) A school entity which provides information about the professional conduct of a former or current employe to a prospective employer of that employe is immune from civil liability for the disclosure of the information.**

**(c) This section shall not apply to malicious action by any person or school entity or the provision of false information if the person or school entity knew, or had reason to know, that the information was false.**

Section 11. The act is amended by adding a section to read:

<< PA ST 24 P.S. § 2070.17b >>

#### Section 17.2. Confidentiality [34]

**(a) Except as otherwise provided in this act, all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant, shall remain confidential, unless or until discipline is imposed, other than a private reprimand or a supplemental sanction deemed private by the commission, any provision of law to the contrary notwithstanding unless otherwise specified in this act. All records pertaining to**

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 35 of 37

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

(b) In all investigations or disciplinary proceedings, the commission is authorized to issue subpoenas as provided for by law to compel the attendance and testimony of witnesses and the production of books, records, documents and other evidentiary material. A professional educator shall have five days from service to respond to a subpoena.

(c) No commissioner shall vote in any case where:

(1) the professional   educator who is the subject of the proceeding is employed by the same school entity; or   **as the commissioner;**

(2) the professional   educator **who is the subject of the proceeding** is a member of a Statewide professional   educator organization of which the commissioner is an officer, director or employe.  ;

**(3) the commissioner has filed a misconduct complaint as permitted under this act against the educator; or**

**(4) the commissioner has any personal and independent knowledge of the educator or issues in the case that would compromise the commissioner's ability to make an impartial decision.**

Section 13. The act is amended by adding sections to read:

<< PA ST 24 P.S. § 2070.18b >>

Section 18.2. Subpoenas [36]

(a) The commission or its legal counsel, as its designee, shall have the power:

**(1) To issue investigatory subpoenas upon petition by the department for purposes of reviewing a complaint and investigating alleged educator misconduct under this act. Notice of the subpoena shall be issued to the educator who is the subject of the complaint or investigation in accordance with bylaws promulgated by the commission.**

**(2) To issue subpoenas after the filing of charges as provided for under the provisions of this act, commission bylaws and 2 Pa.C.S. (relating to administrative law and procedure) to compel the attendance and testimony of witnesses and the production of books, records, documents and other evidentiary material.**

**(b) A subpoena issued under this act shall clearly indicate on its face that the subpoena is issued in connection with a confidential proceeding and a breach of confidentiality by the persons or entity subpoenaed may result in a civil penalty or misdemeanor.**

<< PA ST 24 P.S. § 2070.18c >>

Section 18.3. Disposition of Fees and Fines Collected [37]

**All fees, fines, costs and civil penalties shall be paid into the State Treasury through the department and credited to a restricted receipts account in the General Fund that shall be known as the Professional Educator Discipline Account, which is hereby established. Funds in the account may be utilized to the extent of expenditures incurred by the department and the commission in the implementation of their respective duties under this act.**

Section 14. This act shall take effect in 60 days.

Approved December 18, 2013.

EDUCATION—EDUCATOR DISCIPLINE ACT—OMNIBUS..., 2013 Pa. Legis. Serv....

Case 1:18-cv-01370-JEJ   Document 61   Filed 02/03/20   Page 36 of 37

Footnotes

| | |
|---|---|
| 1 | 24 P.S. § 2070.1a. |
| 2 | 24 P.S. § 2070.1b. |
| 3 | 24 P.S. § 1–101 et seq. |
| 4 | 24 P.S. § 6701 et seq. |
| 5 | 24 P.S. § 17–1701–A et seq. |
| 6 | 24 P.S. § 17–1724–A. |
| 7 | 24 P.S. § 2070.2. |
| 8 | 24 P.S. § 2070.3. |
| 9 | 24 P.S. § 2070.4. |
| 10 | 24 P.S. § 2070.5. |
| 11 | 45 P.S. § 1102 et seq. |
| 12 | 43 P.S. § 1101.101 et seq. |
| 13 | 24 P.S. § 2070.6. |
| 14 | 24 P.S. § 2070.7. |
| 15 | 24 P.S. § 2070.8. |
| 16 | 24 P.S. § 2070.9. |
| 17 | 24 P.S. § 2070.9a. |
| 18 | 24 P.S. § 1–111. |
| 19 | 24 P.S. § 2070.9b. |
| 20 | 24 P.S. § 2070.9c. |
| 21 | 24 P.S. § 1224 et seq. |
| 22 | 24 P.S. § 2070.9d. |
| 23 | 24 P.S. § 2070.9e. |
| 24 | 24 P.S. § 2070.9f. |
| 25 | 24 P.S. § 2070.10. |
| 26 | 24 P.S. § 2070.11. |
| 27 | 24 P.S. § 2070.12. |
| 28 | 24 P.S. § 2070.13. |
| 29 | 24 P.S. § 2070.14. |
| 30 | 24 P.S. § 2070.15. |
| 31 | 24 P.S. § 2070.16. |
| 32 | 24 P.S. § 2070.17. |
| 33 | 24 P.S. § 2070.17a. |
| 34 | 24 P.S. § 2070.17b. |
| 35 | 24 P.S. § 2070.18. |
| 36 | 24 P.S. § 2070.18b. |
| 37 | 24 P.S. § 2070.18c. |

End of Document

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

## CERTIFICATE OF SERVICE

I, Molly R. Mudd, Esq., hereby certify that on this 31st day of January, 2020, a true

and correct copy of the foregoing Motion to Dismiss was served upon the following parties via

First Class mail:


Aaron D. Martin, Esq.
Mette, Evans and Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110

Josh Shapiro, Attorney General
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120

Matthew Fogal, District Attorney
Franklin County Courthouse, 4th Floor
157 Lincoln Way E
Chambersburg, PA 17201

Heather Adams, District Attorney
Office of the District Attorney
50 North Duke Street, 5th Floor
Lancaster, PA 17608

Sean E. Summers
35 South Duke Street
York, PA 17401


Molly R. Mudd, Esq.
Attorney for Defendant Sinnett
Supreme Court ID: 63496
117 Baltimore Street
Gettysburg, PA 17325
717-337-5911
mmudd@adamscounty.us

14