UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

███████████████

*Plaintiff*

v.

JOSH SHAPIRO, in his Official Capacity
As Attorney General of Pennsylvania,

MATTHEW FOGAL, in his Official
Capacity as District Attorney of
Franklin County, Pennsylvania

BRIAN SINNETT, in his Official Capacity
As District Attorney of Adams County,
Pennsylvania,

DAVID W. SUNDAY, JR., in his Official
Capacity as District Attorney of York County,
Pennsylvania,

And

HEATHER ADAMS, in her Official Capacity
As District Attorney of Lancaster County,
Pennsylvania,

*Defendants*

Docket No. 1:18-cv-01370-JEJ

The Hon. John E. Jones, III

**FILED UNDER SEAL**

FILED
HARRISBURG, PA
FEB 0 3 2020
PER _____
DEPUTY CLERK

**DEFENDANT DAVID W. SUNDAY, JR.'S BRIEF
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

|  |  |
|---|---|
|  | **SUMMERS NAGY LAW OFFICES** |
| By: | Sean E. Summers, PA I.D. 92141<br>35 South Duke Street<br>York, PA 17401<br>Phone: (717) 812-8100<br>Fax: (717) 812-8108<br>E-mail: <u>ssummers@summersnagy.com</u><br>*Attorney for Defendant*<br>*David W. Sunday, Jr.* |

Dated: February 3, 2020

# TABLE OF CONTENTS

|  | Page |
|---|---|
| STATEMENT OF FACTS | 1 |
| RELEVANT PROCEDURE | 2 |
| STATEMENT OF QUESTIONS PRESENTED | 3 |
| ARGUMENT | 3 |
|    A. STANDARD OF REVIEW | 3 |
|    B. NO CASE OR CONTROVERSY EXISTS AS BETWEEN ▇▇▇ AND THE YORK COUNTY DISTRICT ATTORNEY | 3 |
|    C. THE YORK COUNTY DISTRICT ATTORNEY DOES NOT HAVE A CONNECTION TO THE ENFORCEMENT OF THE ACT | 4 |
|    D. PLAINTIFF'S CLAIMS ARE NOT RIPE | 6 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Case**                                                        **Page**

Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)...3

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006). ...................4

Camreta v. Greene, 563 U.S. 692, 701 (2011)..........................................4

Ex Parte Young, 209 U.S. 123, 157 (1908). .........................................4, 5

O'Shea v. Littleton, 414 U.S. 488, 494 (1974..........................................6

Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979)
    (quoting Younger v. Harris, 401 U.S. 37, 42 (1971)...................6

Younger v. Harris, 401 U.S. 37, 46 (1971)
    (quoting Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45 (1941)
    ...................................................................................................7

**Statute**                                              **Page**

Pennsylvania Educator Discipline Act, Act of December 12, 1973
    P.L 397, No. 141, as amended December 18, 2013, P.L. 1205, No. 120
    ...................................................................................................1

18 Pa. C.S. Section 5511(a)(1)(i).............................................................1

71 P.S. Section 732-205(a)(6)..................................................................5

I. **STATEMENT OF FACTS**

This action is before the Court as a preemptory challenge to the enforcement provisions of the Pennsylvania Educator Discipline Act, Act of December 12, 1973 P.L 397, No. 141, as amended December 18, 2013, P.L. 1205, No. 120 (hereinafter, the "Act"). Plaintiff ████████████████████████ is an adult individual residing in Franklin County, Pennsylvania. See Amended Complaint, ¶ 1. At some point, ██████ worked as an educator and possessed an Instructional I Pennsylvania certificate in the area of Elementary Education K-6. See Amended Complaint, ¶¶ 11, 12. ██████ was charged with ██████ ██████ in violation of 18 Pa. C.S. Section 5511(a)(1)(i) on or about August 22, 2017 to which ██████ plead not guilty. See Amended Complaint, ¶¶ 13, 15. On or about May 14, 2018, a letter was issued from the Pennsylvania Governor's Office via the Office of Chief Counsel notifying ██████ that the Pennsylvania Department of Education would conduct an investigation in to the incident forming the basis for the ██████ charge as it related to the Act. See Amended Complaint, ¶¶ 16, 17.

The Department of Education issued a letter on or about August 8, 2018 indicating that the investigation was closed. See Amended Complaint, ¶ 27.

1

▮▮▮ seeks to discuss the 'existence, nature and result of the investigation'. See Amended Complaint, ¶ 29. ▮▮▮ contends that, should he discuss the investigation or receive information from private third parties with knowledge of the investigation or proceedings against him, he may be subject to prosecution under the Act. See Amended Complaint, ¶¶ 35, 36. The Act, in relevant part, provides the following:

> Section 17b. Confidentiality.—
> (a) Except as otherwise provided in this act, all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant, shall remain confidential, unless or until discipline is imposed, other than a private reprimand or a supplemental sanction deemed private by the commission, any provision of law to the contrary notwithstanding unless otherwise specified in this act. All records pertaining to proceedings resulting in public discipline, excluding those records that are privileged or otherwise protected from release, shall become public after the exhaustion of all appeals except where the commission has determined that immediate discipline is necessary. Records pertaining to immediate discipline proceedings are public at the time that the immediate discipline is imposed.
> (b) Any person who releases or gives out information deemed confidential under this act, without authorization of the commission or as authorized by this act, commits a misdemeanor of the third degree. See, 24 P.S. Section 2070.17(b).

▮▮▮ will not be prosecuted in York County for the disclosure of any information under the Act. See, Affidavit of David W. Sunday, Jr. ¶ 17. In fact, the York County District Attorney's Office and York County law

2

enforcement have had no involvement with ▇. See, Affidavit of David W. Sunday, Jr. ¶¶ 10, 12. Nonetheless, ▇ contends that his First Amendment Free Speech Rights are chilled by the Act.

## II.  RELEVANT PROCEDURE

Plaintiff commenced this action on July 10, 2018 by filing a Complaint, Emergency Motion for a Temporary Restraining Order and Motion for Preliminary Injunction naming Governor Tom Wolf, Attorney General Josh Shapiro and Secretary of the Department of Education Pedro Rivera as Defendants. The Emergency Motion and Motion for Preliminary Injunction were denied. Thereafter, an Amended Complaint was filed on January 7, 2020, naming Pennsylvania Attorney General Josh Shapiro, Franklin County District Attorney Matthew Fogal, Adams County District Attorney Brian Sinnett, York County District Attorney David W. Sunday, Jr. and Lancaster County District Attorney Heather Adams as Defendants.[1]

---

[1] The fact that ▇ did not join any County District Attorney originally is a tacit admission that there was never any fear of prosecution by any District Attorney.

### III. STATEMENT OF QUESTIONS PRESENTED

1. Should this Honorable Court dismiss Defendant David W. Sunday, Jr. from the action where the Plaintiff has not articulated a case or controversy?

   **Suggested Answer: Yes.**

2. Does the lack of connection between the York County District Attorney and the enforcement of the Pennsylvania Educator Discipline Act serve as a bar to Plaintiff's claims?

   **Suggested Answer: Yes.**

3. Does the speculative and hypothetical nature of the alleged threat of prosecution serve as a bar to enjoining the York County District Attorney under the doctrine of ripeness?

   **Suggested Answer: Yes.**

### IV. ARGUMENT:

#### A. STANDARD OF REVIEW

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). The Defendant may "assert a factual challenge to the court's subject matter jurisdiction, which contends that the allegations in the complaint establishing jurisdiction are not sufficiently supported by the

4

facts." Id. When considering a factual challenge, a court can consider evidence outside of the pleadings. Id.

**B.     NO CASE OR CONTROVERSY EXISTS AS BETWEEN ▮▮▮▮ AND THE YORK COUNTY DISTRICT ATTORNEY**

The authority of the federal court is not unbridled, but it is derived from Article III of the United States Constitution and is limited to "cases" or "controversies". U.S. Const., Article III, Section 2. The Court has been clear with respect to cases or controversies: "[i]f a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006). To enforce this limitation, we demand that litigants demonstrate a "personal stake" in the suit. Camreta v. Greene, 563 U.S. 692, 701 (2011). The party invoking the Court's authority has such a stake when three conditions are satisfied: The petitioner must show that he has suffered an injury in fact that is caused by the conduct complained of and that will be redressed by a favorable decision. Id. (quotations omitted).² At the same time, "the opposing party also must have an ongoing

---

² York is no different than any of the other 66 counties in the Commonwealth – aside from the fact that ▮▮▮▮ included York in the Amended Complaint. Obviously, if this Honorable Court deems any Pennsylvania statute unconstitutional, any such determination would apply to York County. Thus, there is no practical basis to require York to defend this action. In layman's terms, York has no skin in the game – no dog in

interest in the dispute, so that the case features that concrete adverseness which sharpens the presentation of issues." Id. (internal quotations omitted).

Here, when considering whether a case or controversy exists as between ▅▅▅▅ and the York County District Attorney, the matter must be deemed moot. There has never been any law enforcement action relating to this incident in York County. Any involvement with York County is merely hypothetical. Accordingly, Defendant Sunday never had any interest in the dispute. Further, the sworn statement of Defendant Sunday undermines any allegation of any involvement with the Office of the District Attorney of York County.

### C. THE YORK COUNTY DISTRICT ATTORNEY DOES NOT HAVE A CONNECTION TO THE ENFORCEMENT OF THE ACT

Suit against the state and, by extension, against elected officials is generally barred by the 11th Amendment. Ex Parte Young, 209 U.S. 123, 157 (1908). An exception to the 11th Amendment bar exists for alleged on-going violations of federal law. Id. In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is

---

the fight. If the Court is unwilling to dismiss Sunday outright, Sunday requests, in the alternative, that any claims against the Office of the District Attorney of York County be stayed pending the outcome of ▅▅▅▅ claims.

merely making him a party as a representative of the state, and thereby attempting to make the state a party. Id.

The Attorney General of the Commonwealth of Pennsylvania has the power to prosecute any criminal matter in any county of the Commonwealth of Pennsylvania See, 71 P.S. Section 732-205(a). The powers of the Attorney General of the Commonwealth are further expanded and apply to matters from Commonwealth agencies and by extension arms of the agencies: "[c]riminal charges investigated by and referred to him by a Commonwealth agency arising out of enforcement provisions of the statute charging the agency with a duty to enforce its provision." 71 P.S. Section 732-205(a)(6). At the same time, the District Attorney's prosecutorial authority is limited to the County in which the District Attorney was elected. See, 16 P.S. Section 1402.

The Educator Discipline Act authorizes the appointment of the Professional Standards and Practices Commission (hereinafter, the "Commission"). 24 P.S. Section 2070.3. The Commission is empowered with numerous powers and duties as set forth in Section 5 of the Act including but not limited to: conducting investigations, establishing rules and procedures relating to said investigation and recommending discipline to the State Board of Education. 24 P.S. Section 2070.5.

For the District Attorney to be subject to a lawsuit for the enforcement of the

7

Act, the District Attorney must have some connection to its enforcement. The initial step under the Act is the investigation and decision/recommendation from the Commission to the State Board of Education. These are not matters delegated to the County Courts for review, but to an agency of the Commonwealth. Release of confidential information is permitted by petitioning the Commission. 24 P.S. Section 2070.17(b)(e).

Should a formal adjudicatory hearing be required, the hearing procedures as outlined in the Act are applicable, 24 P.S. Section 2070.13(c). Such procedures not only require the agreement of the Governor's General Counsel on list of possible hearing officers but specifically places the prosecutorial duties of a violation on the Commonwealth Department of Education Id.

The District Attorney of a particular County is not tasked with appearing before, arguing or participating in any manner before the State Board of Education or in administrative proceedings with the Commonwealth Department of Education. Ultimately, appeal of the decision of the hearing officer and Commission is a matter of appeal from the decision of a Commonwealth Agency. 24 P.S. Section 2070.15. Thus, the Commonwealth official with some connection to enforcement of the Act is the Attorney General as the law enforcement officer with connection to the enforcement of matters referred from Commonwealth

8

agencies, not the county District Attorney.

D. **PLAINTIFF'S CLAIMS ARE NOT RIPE – ESPECIALLY AS IT PERTAINS TO SUNDAY.**

A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Further, "persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs." Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979) (quoting Younger v. Harris, 401 U.S. 37, 42 (1971)). Moreover, "the imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." Younger v. Harris, 401 U.S. 37, 46 (1971)(quoting Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 49, (1941)).

Here, the doctrine of ripeness demands that Plaintiff complain of an action that is not imaginative, speculative or hypothetical. The lack of prosecution by the District Attorneys is fatal to the Plaintiff's claim. Frankly, ▬ did not even allege that any District Attorney was even aware of his purported fears or the underlying allegations. The Plaintiff's Amended Complaint is devoid of any

9

reference to the threat of prosecution by the District Attorney, correspondence or notice that the District Attorney has reviewed any matter concerning ▓▓▓ or any reference to the involvement of any specific County or Court of Common Pleas. In fact, if a threat of prosecution may be gleaned from anything in the Amended Complaint, it may only be found as arising out of correspondence from the Governor's Office of General Counsel at the bottom of its letter to ▓▓▓. The letter is presumably a form letter which does not specifically attribute any threat of prosecution directed at ▓▓▓, but provides a general notice to its recipient underscoring the confidential nature of the communications contained therein. This letter does not implicate any involvement of a county District Attorney. As such, the York County District Attorney has never issued a threat of prosecution. Without the threat of prosecution, there is no real, present or imminent problem between Sunday and ▓▓▓. In fact, the only way to begin to connect the York County District Attorney's Office to this matter is by hypothesizing that ▓▓▓ travels to York, finds a person unknown to even the Plaintiff at this time and carries out a conversation with said person detailing the investigation and Sunday subsequently becomes a mind reader and discovers confidential correspondence between ▓▓▓ and the Commonwealth. This is precisely the type of remote and speculative interest that the doctrine of ripeness seeks to

10

preclude.

## V. **CONCLUSION**

For the foregoing reasons, Defendant, District Attorney David W. Sunday, Jr. respectfully request that this Honorable Court GRANT Defendant's Motion to Dismiss.

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

By: _____
Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-mail: ssummers@summersnagy.com
*Attorney for Defendant*
*David W. Sunday, Jr*

Dated: February 3, 2020

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ██████████████ *Plaintiff* | Docket No. 1:18-cv-01370-JEJ |
| v. | The Hon. John E. Jones, III |
| JOSH SHAPIRO, in his Official Capacity As Attorney General of Pennsylvania, | **FILED UNDER SEAL** |
| MATTHEW FOGAL, in his Official Capacity as District Attorney of Franklin County, Pennsylvania | |
| BRIAN SINNETT, in his Official Capacity As District Attorney of Adams County, Pennsylvania, | |
| DAVID W. SUNDAY, JR., in his Official Capacity as District Attorney of York County, Pennsylvania, | |
| And | |
| HEATHER ADAMS, in her Official Capacity As District Attorney of Lancaster County, Pennsylvania, *Defendants* | |

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 3rd day of February, 2020, a true and correct copy of the foregoing Motion to Dismiss was served upon

the following parties via Case Management System/Electronic Filing System and

First-Class mail, postage pre-paid at York, Pennsylvania.

Aaron D. Martin, Esq.
Mette, Evans and Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
*Counsel for Plaintiff*

Josh Shapiro, Attorney General
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120

Stephen B. Edwards, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
*Counsel for Defendant, Matthew Fogal*

Molly R. Mudd, Esq.
Adams County Solicitor
117 Baltimore Street
Gettysburg, PA 17325
*Counsel for Defendant, Brian Sinnett*

Matthew S. Polaha, Esq.
David J. MacMain, Esq.
The MacMain Law Group, LLC
433 W. Market Street, Ste. 200
West Chester, PA 19382
*Counsel for Defendant, Heather Adams*

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

By: _____
Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-mail: ssummers@summersnagy.com
*Attorney for Defendant
David W. Sunday, Jr*

Dated: February 3, 2020