## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ████████████████ , | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 1:18-cv-1370 |
| | : | The Honorable John E. Jones, III |
| JOSH SHAPIRO, et. al., | : | |
| | : | **FILED UNDER SEAL** |
| Defendants. | : | |
| | : | |
| | : | |

## <u>ORDER</u>

Now, this _____ day of _____, 20__, upon consideration of Defendant, Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), and any response thereto, it is hereby ORDERED and DECREED that Defendant, Adams' Motion is GRANTED.

_____

J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ███████████████ , | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 1:18-cv-1370 |
| | : | The Honorable John E. Jones, III |
| JOSH SHAPIRO, et. al., | : | |
| | : | |
| Defendants. | : | **FILED UNDER SEAL** |
| | : | |

**DEFENDANT HEATHER ADAMS, IN HER OFFICIAL CAPACITY AS
DISTRICT ATTORNEY OF LANCASTER COUNTY, PENNSYLVANIA'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant, Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania (hereinafter "Moving Defendant"), by and through her counsel, MacMain, Connell & Leinhauser, LLC, respectfully requests this Honorable Court grant her Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of case or controversy and this matter not being ripe for adjudication. The Supporting Brief of Moving Defendant's Motion to Dismiss is incorporated by reference as if fully set forth herein and attached hereto.

WHEREFORE, Defendant, Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania, respectfully requests This

Honorable Court grant her Motion and dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).


                                        **MACMAIN, CONNELL &
                                        LEINHAUSER, LLC**


Dated: <u>February 13, 2020</u>          By:  <u>*/s/ David J. MacMain*</u>
                                             David J. MacMain
                                             Attorney I.D. No. 59320
                                             Matthew S. Polaha
                                             Attorney I.D. No. 320674
                                             433 W. Market Street, Suite 200
                                             West Chester, PA 19382
                                             *Attorneys for Defendant*
                                             *Lancaster County District Attorney*
                                             *Heather Adams*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ████████████████, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 1:18-cv-1370 |
| | : | The Honorable John E. Jones, III |
| JOSH SHAPIRO, et. al., | : | |
| | : | |
| Defendants. | : | **FILED UNDER SEAL** |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANT, HEATHER ADAMS, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF LANCASTER COUNTY, PENNSYLVANIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant, Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania (hereinafter "Moving Defendant" or Defendant Adams), by and through her counsel, MacMain, Connell & Leinhauser, LLC, moves to dismiss Plaintiff's Amended Complaint (Doc. No. 44) with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and in support thereof, avers as follows:

## I.    INTRODUCTION, SUMMARY OF FACTS, AND PROCEDURAL POSTURE

Plaintiff filed his Amended Complaint on or about January 7, 2020 against, among others, Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania.  *See* Doc. No. 44.  Plaintiff seeks a declaration of

unconstitutionality and permanent injunction against the enforcement of Section

17.2 of the Pennsylvania's Educator Discipline Act (the "Act").  *See* Act of

December 12, 1873 (P.L. 397, No. 141), as amended December 18, 2013 (P.L.

1205, No. 120).  As noted in the Amended Complaint, Plaintiff is a resident of

███████████████████████.  *See* Doc. No. 44 at ¶1.  Plaintiff was charged with

a violation of 18 Pa. C.S. 5511(a)(1)(i) on or about ████████████████████

██████  As a result, Plaintiff, who was employed as ████████████████████

received a letter on or about ██████████ regarding an investigation into alleged

███████████████████████████████████████████████████████████

██████████████  The ██████████ letter allegedly contained a notification to

Plaintiff that the investigation was confidential and sharing any information

regarding the investigation is a crime and may result in a conviction of a third

degree misdemeanor.  *See* Doc. No. 1 at ¶¶18-19.

 Plaintiff claims the prohibitions under the Act violate his First Amendment

right to free speech.  *See* Doc. No. 1 at ¶22-25.  Plaintiff claims he desires to speak

about the investigation and results thereof within the confines of Franklin, Adams,

York, and Lancaster Counties, Pennsylvania.  *See* Doc. No. 1 at ¶ 29.  However,

Plaintiff allegedly fears possible future criminal prosecution under the Act if he

would speak publicly or privately about the investigation and expects no third-

party would communicate with him about the investigation because of its

restrictions. *See id.* at ¶30.  Therefore, Plaintiff challenges the Act, both facially and as applied, seeking the Act be declared unconstitutional and permanently enjoined.

Plaintiff's fear of possible future prosecution under the Act in Lancaster County, Pennsylvania is unfounded.  As articulated in the Amended Complaint, Plaintiff is afraid that if he talks about the investigation with anyone, he could be arrested and charged with a third degree misdemeanor as authorized under the Act. However, Plaintiff, without further detail, has not articulated how and when Defendant Adams enforced or even threatened to enforce the provisions of the Act. Plaintiff simply seeks injunctive relief out of his fear of what *may* happen.  Until served with Plaintiff's Amended Complaint on or about January 25, 2020, Moving Defendant was completely unaware of Plaintiff, the allegations against him, and his claimed fear of possible future prosecution in Lancaster County.  Defendant Adams has no intent to prosecute Plaintiff under the Act.  Further, she has no interest in his allegations as articulated in the Amended Complaint.  Accordingly, Plaintiff's Complaint must be dismissed for lack jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.   STATEMEN OF QUESTIONS INVOLVED

### A.   Should Plaintiff's Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of case or controversy?

**Suggested Answer: Yes.**

> **B.      Should Plaintiff's Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the matter is not ripe for judicial determination?**
>
> **Suggested Answer: Yes.**

## III.  <u>LEGAL STANDARD</u>

Pursuant to the Federal Rules of Civil Procedure, a party may assert a defense by Motion challenging a pleading for lack of subject matter jurisdiction. *See* Fed R. Civ. P. 12(b)(1).  With regard to Motions under Rule 12(b)(1), it has been stated:

> Motions under 12(b)(1) may take one of two forms. A "facial attack" assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction.  The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper.  If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice.  In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction.  In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case is at issue.

*Bituminous Cas. Corp. v. John W. Gleim, Jr., Inc.*, No. 1:07-CV-2287, 2008 U.S. Dist. LEXIS 51363, at *2-4 (M.D. Pa. July 1, 2008) (internal citations omitted).

"A challenge that raises the issue of justiciability . . . implicates the subject matter jurisdiction of a federal district court . . . [t]herefore, a motion to dismiss . . . is

properly brought under Rule 12(b)(1).  *Lewis v. Rendell*, 501 F. Supp. 2d 671, 678

(E.D. Pa. 2007); *see also Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780,

788 (M.D. Pa. 2009) (analyzing justiciability claims under Fed. R. Civ. P.

12(b)(1)).

## III.   LEGAL ARGUMENT

### A.   No Case or Controversy Against District Attorney Adams

Plaintiff is required, but has failed to show, a threat of prosecution under the

Act.  "Where the plaintiff seeks a declaratory judgment with respect to the

constitutionality of a state statute . . . there must be a real and immediate threat of

enforcement against the plaintiff."  *Lewis v. Rendell*, 501 F. Supp. 2d 671, 680-81

(E.D. Pa. 2007) (citing *Salvation Army v. Dep't of Comm. Affairs of State of N.J.*,

919 F.2d 183, 192 (3d Cir. 1990)).  The *Lewis* Court further provided:

> General authority to enforce the laws of the state is not
> sufficient to make government officials the proper parties
> to litigation challenging the law. . . .   [P]laintiffs
> challenging the validity of a state statute may bring suit
> against the official who is charged with the statute's
> enforcement only if the official has either enforced, or
> threatened to enforce, the statute against the plaintiffs."
> *Id.*  If a complaint fails to allege . . . that defendant state
> officers have ever taken or threatened to take any
> action with respect to a state statute then there is . . . *no
> case or controversy*. . . .

*Lewis v. Rendell*, 501 F. Supp. 2d 671, 680-81 (E.D. Pa. 2007) (citing *1st Westco*

*Corp. v. School Dist.*, 6 F.3d 108, 116 (3d Cir. 1993) and *Rode v. Dellarciprete*, 845

F.2d 1195, 1209 n.9 (3d Cir. 1988)) (emphasis added) (internal quotation marks and citations omitted).

In this case, Plaintiff has failed to allege that Defendant Adams has threatened to take or has taken any action to enforce the Act.  In his Amended Complaint, Plaintiff asserts that he *desires* to speak both publicly and privately about the investigation under the Act in Lancaster County.  *See* Doc. No. 1 at ¶29. However, Plaintiff is allegedly afraid to do so out of fear of future prosecution. *See id.* at ¶30.  Despite this fear, Defendant Adams has not taken, nor does she intend to take any action to prosecute Plaintiff under the Act.  Furthermore, Defendant Adams does not know Plaintiff.  Defendant Adams was not aware Plaintiff was subject to an investigation under the Act which allegedly makes him subject to potential prosecution.  Since Defendant Adams does not know Plaintiff or that he was subject to potential prosecution under the Act, Defendant Adams has not taken, nor will she threaten to take, any prosecutorial action against Plaintiff. Since Defendant Adams has not taken, nor will she threaten to take, or actually take any prosecutorial action against Plaintiff under the Act, there can be no case or controversy.  Therefore, This Honorable Court lacks subject matter jurisdiction.

## B.  <u>This Matter is Not Ripe for Judicial Review</u>

The following test has been applied to cases involving ripeness challenges. This test has been utilized to determine if a case is ripe for judicial review.

Specifically, the Courts analyze: "1) whether the parties' interests are sufficiently adverse; 2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and 3) whether the decision will render practical help to the parties." *Peachlum v. City of York*, 333 F.3d 429, 435 (3d Cir. 2003). Although facial challenges have a relaxed ripeness standard, "in cases involving fundamental rights, even the remotest threat of prosecution, such as the absence of a promise not to prosecute, has supported a holding of ripeness where the issues in the case were "predominantly legal" and did not require additional factual development." *Peachlum v. City of York*, 333 F.3d 429, 434-355 (3d Cir. 2003).

The first step of the *Peachlum* test requires the "the parties' interests are sufficiently adverse." "For there to be an actual controversy the defendant must be so situated that the parties have adverse legal interests. *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 648 (3d Cir. 1990). At this time, Defendant Adams is not so situated as to have a legal interest adverse to the Plaintiff. Defendant Adams has no legal interest adverse to Plaintiff, ███████████████ ███████ Furthermore, Defendant Adams was not aware of Plaintiff's alleged issues until being served his Amended Complaint. Furthermore, Defendant Adams has no intent to prosecute Plaintiff under the Act. Therefore, Defendant Adams interests cannot be said to be adverse to Plaintiff's interests.

Applying the second the second step of the *Peachlum* test addresses the ability of the Court to issue a conclusive ruling.  "Any contest must be based on a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Id.* at 649 (3d Cir. 1990).  Here, Plaintiff's claims are based on a hypothetical state of facts.  Plaintiff posits his first hypothetical where he desires to speak publicly and privately about the investigation but is afraid to do so out of fear of prosecution in Lancaster County. Plaintiff's second hypothetical addresses his expectation that no third party will speak to him because of the Act's restrictions.  Plaintiff's hypotheticals are far too attenuated to allow the Court to issue a conclusive ruling.  As stated previously, Defendant Adams was completely unaware of Plaintiff and this litigation until served with the Amended Complaint on or about January 25, 2020.  Now that she is aware of Plaintiff's fears, Defendant Adams does not intend to prosecute Plaintiff.  Therefore, Plaintiff's fears and expectation are unfounded as the Defendant cannot prosecute cases that are not known to her.

The third and final step of the *Peachlum* test addresses "utility."  "The utility inquiry . . . goes not to whether the legal rights will be clarified, but to whether the parties' plans of actions are likely to be affected by a declaratory judgment."  *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 n.9 (3d Cir. 1990).

Defendant Adams has no plan of action against Plaintiff.  Furthermore, Defendant has no interest in prosecuting any future violations of the Act by Plaintiff.

Accordingly, the above analysis of the three-part test in *Peachlum* favors finding that this matter is not ripe for judicial determination.  Since this matter is not ripe, This Honorable Court should find that Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## IV.    <u>CONCLUSION</u>

For the reasons set forth in detail above, Defendant, District Attorney Heather Adams, respectfully request This Honorable Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

**MACMAIN, CONNELL & LEINHAUSER, LLC**

Dated: <u>February 13, 2020</u>          By: <u> /s/ David J. MacMain</u>
David J. MacMain
Attorney I.D. No. 59320
Matthew S. Polaha
Attorney I.D. No. 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant*
*Lancaster County District Attorney*
*Heather Adams*

12

## **CERTIFICATE OF CONCURRANCE/NON-CONCURRANCE**

I, David J. MacMain, Esquire, do hereby certify that I contacted counsel for Plaintiff who does not concur with the foregoing Motion to Dismiss Plaintiff's Amended Complaint.  Counsel for Defendants, Shapiro, Fogal, and Sunday concur with this Motion.


**MACMAIN, CONNELL & LEINHAUSER, LLC**


Dated: <u>February 13, 2020</u>       By:  <u>*/s/ David J. MacMain*</u>
                                                        David J. MacMain
                                                        Attorney I.D. No. 59320
                                                        Matthew S. Polaha
                                                        Attorney I.D. No. 320674
                                                        433 W. Market Street, Suite 200
                                                        West Chester, PA 19382
                                                        *Attorneys for Defendant*
                                                        *Lancaster County District Attorney*
                                                        *Heather Adams*

## <u>CERTIFICATE OF SERVICE</u>

I, David J. MacMain, Esquire, hereby certify that on this <u>13th</u> day of

February, 2020, a copy of the foregoing Defendant Heather Adams, in her official

capacity as District Attorney of Lancaster County, Pennsylvania's Motion to

Dismiss Plaintiffs' Complaint Pursuant to Federal Rule Of Civil Procedure

12(b)(1) and Supporting Brief were served upon the following, entered counsel, via

USPS First Class Mail:

Aaron D. Martin
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110
*Attorneys for Plaintiffs*

Keli M. Neary
Executive Deputy Attorney General
Office of the Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120
Ph. 717-783-2034
*Attorney for Defendant*
*Josh Shapiro*

Frank J. Lavery, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
*Attorney for Defendant*
*Matthew Fogal*

Sean Summers
Summers Nagy Law Offices
35 South Duke Street
York, PA 17401
*Attorney for Defendant*
*David W. Sunday*

Molly R. Mudd
Adams County Solictor
117 Baltimore Street
Gettysburg, PA 17325
Attorney for Defendant
Brian Sinnett

**MACMAIN, CONNELL &
LEINHAUSER, LLC**

Dated: <u>February 13, 2020</u>          By:  <u>*/s/ David J. MacMain*</u>
                                        David J. MacMain
                                        Attorney I.D. No. 59320
                                        Matthew S. Polaha
                                        Attorney I.D. No. 320674
                                        433 W. Market Street, Suite 200
                                        West Chester, PA 19382
                                        *Attorneys for Defendant*
                                        *Lancaster County District Attorney*
                                        *Heather Adams*