## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ██████ , | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 1:18-cv-1370 |
| | : | |
| Josh Shapiro, in his Official Capacity | : | The Honorable John E. Jones, III |
| As Attorney General of Pennsylvania, | : | |
| | : | |
| Matthew Fogal, in his Official | : | **REDACTED VERSION** |
| Capacity as District Attorney of | : | |
| Franklin County, Pennsylvania, | : | |
| | : | |
| | : | |
| Brian Sinnett, in his Official | : | |
| Capacity as District Attorney of | : | |
| Adams County, Pennsylvania, | : | |
| | : | |
| David W. Sunday, Jr., in his Official | : | |
| Capacity as District Attorney of | : | |
| York County, Pennsylvania, | : | |
| | : | |
| and | : | |
| | : | |
| Heather Adams, in her Official | : | |
| Capacity as District Attorney of | : | |
| Lancaster County, Pennsylvania, | : | |
| | : | |
| Defendants. | : | |

### Plaintiff ██████ Brief in Opposition to the Motion to Dismiss of Defendant Brian R. Sinnett, District Attorney of Adams County

Plaintiff ██████████ files this brief in opposition to the motion to

dismiss filed by Defendant Brian R. Sinnett, District Attorney of Adams County

("District Attorney").

I.      **Plaintiff's "As Applied" First Amendment Challenge is Ripe for Review**

When an individual is subject to the threatened enforcement of a law, "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citing *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights"); *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128–129 (2007) ("[W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat.")).

Instead, the Supreme Court has permitted pre-enforcement review "under circumstances that render the threatened enforcement sufficiently imminent […] [s]pecifically [where] a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony*, *supra* at 159 (citing *Babbitt v. Farm Workers,* 442 U.S. 289, 298 (1979)).

The District Attorney argues that plaintiff has improperly stated an "as applied" challenge to the secrecy mandate contained in Section 17.2 of

Pennsylvania's Educator Discipline Act ("Act")[1] (specifically "Secrecy Mandate")
when in fact he only states a facial challenge.  This objection is quizzical in light of
the Supreme Court's holding in Citizens United v. Federal Election Commission
that "the distinction between facial and as-applied challenges is not so well defined
that it has some automatic effect or that it must always control the pleadings and
disposition in every case involving a constitutional challenge."  558 U.S. 310, 331
(2010) (citing *United States v. Treasury Employees,* 513 U.S. 454, 477–478 (1995)
(contrasting "a facial challenge" with "a narrower remedy")).  Rather, the
distinction "goes to the breadth of the remedy employed by the Court, **not what
must be pleaded in a complaint**."  *Id.* (emphasis added).

Beyond this clear jurisprudence, however, plaintiff may state an as applied
challenge to the Secrecy Mandate at this time if, for no other reason, than *it has
been actually applied to him* resulting in a chilling of his speech.  Am. Comp. ¶ 39
(▇▇▇▇▇ "speech rights" have been "chilled").  Plaintiff has *twice* been
threatened with criminal prosecution *in writing,* by the Governor's Office of Chief
Counsel with the bolded, underscored warning that "<u>**Release or publication of
this document is a crime and may result in a conviction of a third degree
misdemeanor. 24 P.S. § 2070.17b.**</u>"  See Am. Comp. ¶¶ 17-19, 27-28, Ex. A, B.
There unquestionably exists a "credible threat of prosecution" by the prosecutorial

---

[1]  Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18,
2013 (P.L. 1205, No. 120); 24 P.S. § 2070.17b.

officers of competent jurisdiction in the Commonwealth.  *Susan B. Anthony List*,

*supra* at 159.  The District Attorney has not promulgated any policy of non-

prosecution or otherwise distanced himself from enforcement of the Secrecy

Mandate.  Plaintiff will be in legal jeopardy when he travels to Adams County—as

he desires to do—to exchange information about the Department of Education's

investigation into him with third parties also subject to the Secrecy Mandate.

> ██████ desires to speak, both publicly and privately, about the
> existence, nature and result of the investigation into him by the
> Pennsylvania Department of Education, including geographically
> within the geographical confines of … Adams … [C]ount[y] in
> Pennsylvania, without fear of criminal prosecution.

Am. Comp. ¶ 29.

This allegation is sufficient, because "a plaintiff satisfies the injury-in-fact

requirement where he alleges 'an intention to engage in a course of conduct

arguably affected with a constitutional interest, but proscribed by a statute[.]"

*Susan B. Anthony List*, *supra* at 159.

The Secrecy Mandate is presumptively unconstitutional.[2]  Enforcement has

been actually threatened against ██████.  The District Attorney is vested with

---

[2] "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests."  *Reed v. Town of Gilbert, Ariz.*, ___ U.S. ___, 135 S. Ct. 2218, 2226 (2015) (citations omitted).  The government bears the burden of rebutting the presumption of the unconstitutionality of a content-based restriction on speech.  *United States v. Stevens*, 559 U.S. 460, 468 (2010) (citations omitted).

jurisdiction to prosecute crimes in Adams County, the place where █████████

desires to go and commit conduct that is otherwise criminalized by the Secrecy

Mandate.  A radio transmission receivable in Adams County, a telephone call to a

friend in Adams County, an internet posting or email to a resident of Adams

County, and even a letter sent by U.S. mail to Adams County all would arguably—

*even apart from* ████████ *physical presence at the time of utterance of any*

*otherwise confidential information*—bring ██████ within the ambit of the

District Attorney's prosecutorial jurisdiction.  All of these acts, *in addition to*

*physical presence*, would place ████████ in legal jeopardy.  Of course, █████████

physical presence in Adams County while communicating any information subject

to the Secrecy Mandate would instantly subject him to possible prosecution for

misdemeanor.  Such is not constitutionally tolerable, and ███████ need not go

through the obstacle course of proofs the District Attorney suggests prior to

bringing a pre-enforcement challenge in this Court.

    The District Attorney would require that ████████ identify third parties

"from whom he'd like to receive information" but criticizes his position because

the amended complaint does not "identify them, their relationship to the

investigation, or the information they may possess."

    But how is ███████ supposed to know for certain who these people are?

Everyone's subject to the unconstitutional secrecy mandate!  Is he supposed to

break the law just to show that he has standing to challenge the law?  Such is not necessary.  *Susan B. Anthony, supra.*  The District Attorney's argumentation does not appreciate the extreme constitutional offense of the suppression of political speech nor the simple reality of the threats of enforcement made against ███████.

All of this shows that the Court may presently hear plaintiff's as applied challenge to the Secrecy Mandate, which has been actually applied to him such that his speech has been chilled.

### 2.   Administrative Remedies Need Not Be Pursued

Although the Amended Complaint does not state this fact expressly, ███████ did in fact petition the Professional Standards and Practices Commission ("Commission") for a lifting of the speech restriction, a fact of which this Court is aware from prior conferences with counsel, and an issue which has not been in dispute.  The decision of the Commission appears in the record of this case, having been filed by the Attorney General in the U.S. Court of Appeals.  See Redacted Supplemental Appendix, pp. 22 – 28, Case No. 18-3299 (3d Cir.), Doc. 003113117759 (2/24/2018).  Inclusion of the Commission's decision in the supplemental appendix was sustained even over plaintiff/appellant's objection thereto.  See Order, p. 2, Case: 18-3299 (3d Cir.), Doc. 003113309406 (08/02/2019) ("the Motion by Appellees for Leave to File Supplemental Appendix is GRANTED; and […] the Motion by Appellant to Strike Appellees' Brief and

Supplemental Appendix is DENIED").  Such fact is accordingly established in this case.  In any event, there is no requirement to exhaust administrative remedies prior to seeking relief in court under Section 1983.  *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496 (1982)

## II.     **This Court Has Already Refused to Abstain Under *Pullman***

This Court by memorandum and order dated December 3, 2018, rejected *Pullman* as a basis for abstaining from deciding the significant First Amendment issues raised in this case.

As this Court held,

> Because Section 2070.17b is unambiguous and not obviously susceptible to a limiting construction, we find that abstaining under *Pullman* is not proper.

Memorandum and Order (12.3.18), p. 8.

No argument raised by the District Attorney in favor of abstention is materially different from arguments previously raised by the Attorney General nor otherwise of such a nature as to call for reconsideration of the Court's statement that it could "see no basis to interpret Section 2070.17 itself other than to apply its plain language and, thus, no danger that our interpretation of a state law would disrupt state policies."  *Id*.

Further, under the mandate rule, a species of the law of the case doctrine, "a trial court must comply strictly with the mandate directed to it by the reviewing

7

court." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 (3d Cir. 2004) (*Ratay v. Lincoln Nat. Life Ins. Co.,* 405 F.2d 286, 288 (3d Cir. 1968)).

The Third Circuit, upon reversing this Court's denial of plaintiff's motion for preliminary injunction, prescribed in its November 4, 2019 remand order that this Court hold a hearing on such motion. Dismissal of the amended complaint on abstention grounds would thus violate the Circuit Court's mandate in contravention of *Skretvedt*.

WHEREFORE, Plaintiff prays this Court to DENY the motion to dismiss of District Attorney Brian R. Sinnett.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

/s/ Aaron D. Martin

By: _____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
Veronica L. Boyer
Pa. Atty. I.D. No. 310095
Jacob H. Kiessling
Pa. Atty. I.D. No. 322435
3401 North Front Street
Post Office Box 5950
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com
vlboyer@mette.com
jhkiessling@mette.com
*Attorneys for Plaintiff*

Date: February 14, 2020.

## CERTIFICATE OF SERVICE

I certify that I am on this day serving a true and correct copy of the

foregoing **Plaintiff ▓▓▓▓▓▓▓▓▓▓ Brief in Opposition to the Motion to**

**Dismiss of Defendant Brian R. Sinnett, District Attorney of Adams County**

upon the following **VIA EMAIL**:

Keli M. Neary, Esquire
Executive Deputy Attorney General
Office of Attorney General
Civil Law Division
15th Floor, Strawberry Square
Harrisburg, PA  17120
kneary@attorneygeneral.gov

*Attorneys for Attorney General Josh Shapiro in his Official Capacity*

Molly R. Mudd, Esquire
Adams County Assistant Solicitor
117 Baltimore Street
Gettysburg, PA  17325
mmudd@adamscounty.us

*Attorneys for Brian Sinnett, in his Official Capacity as District Attorney of Adams County, Pennsylvania*

Frank J. Lavery, Esquire
Lavery Law
225 Market Street, Suite 304
P.O.Box 1245
Harrisburg, PA 17108
flavery@laverylaw.com

*Attorneys for Matthew Fogal, in his Official Capacity as District Attorney of Franklin County, Pennsylvania*

Sean E. Summers, Esquire
Summers Nagy Law Office
35 South Duke Street
York, PA 17401
ssummers@summersnagy.com

*Attorneys for David W. Sunday, Jr., in his Official Capacity as District Attorney of York County, Pennsylvania*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
The MacMain Law Group, LLC
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com

*Attorneys for Heather Adams, in her Official Capacity as District Attorney of Lancaster County, Pennsylvania*

Aaron D. Martin
_____

Date: February 14, 2020.

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

██████,                                 :
                                        :
                    Plaintiff,          :
                                        :
        vs.                             :        Civil Action No. 1:18-cv-1370
                                        :
Josh Shapiro, in his Official Capacity  :        The Honorable John E. Jones, III
As Attorney General of Pennsylvania,    :
                                        :
Matthew Fogal, in his Official          :        **REDACTED VERSION**
Capacity as District Attorney of        :
Franklin County, Pennsylvania,          :
                                        :
                                        :
Brian Sinnett, in his Official          :
Capacity as District Attorney of        :
Adams County, Pennsylvania,             :
                                        :
                                        :
David W. Sunday, Jr., in his Official   :
Capacity as District Attorney of        :
York County, Pennsylvania,              :
                                        :
                                        :
        and                             :
                                        :
Heather Adams, in her Official          :
Capacity as District Attorney of        :
Lancaster County, Pennsylvania,         :
                                        :
                    Defendants.         :

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon

consideration of the **Motion to Dismiss of Defendant Brian R. Sinnett, District**

**Attorney of Adams County** and the response thereto, it is **ORDERED** that the

motion is **DENIED.**

                                        **BY THE COURT:**


                                        _____
                                        John E. Jones III
                                        United States District Judge